THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE LOESTRIN 24 FE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | MDL NO. 2472 |

## CASE MANAGEMENT ORDER NUMBER 2

**AND NOW,** this 14th day of February, 2014, upon consideration of the proposed case management order submitted by the End-Payor Plaintiffs, it is hereby **ORDERED** as follows:

1.  *In re Loestrin 24 FE Antitrust Litigation,* No. 1:13-md-2472-S (D.R.I.), shall be designated the "Master Case File." A docket sheet shall be maintained for that file which shall include all filings subsequently consolidated with the Master Case File.

2.  Any new filings in, or transferred to, this Court that are related to the End-Payor Plaintiffs' class actions shall be deemed consolidated unless an objection is filed within 14 days of notice to counsel for the plaintiff(s) in the newly-filed action, and the objection is sustained.

3.  Every pleading filed in the Lead Class Action shall bear the following caption:

| | |
|---|---|
| IN RE LOESTRIN 24 FE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | MDL NO. 2472<br>Master File No. 1:13-md-2472-S-PAS |

4.  When a pleading or other court paper filed is intended to apply to all actions, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption detailed above. When a pleading or other court paper is intended to apply only to one, or some, but not all, of such actions, the party filing the document shall indicate the

action(s) to which the document is intended to be applicable. The parties may indicate, for example, "All Direct Purchaser Class Actions," or "All End-Payor Class Actions."

5. Any individual end-payor action shall be coordinated with the End-Payor Plaintiffs' class actions for discovery and other pre-trial proceedings.

6. **LIAISON COUNSEL.** The Court designates the following firm as Liaison Counsel for the End-Payor Plaintiffs:

| **Parties** | **Firm Designated as Liaison Counsel** |
| --- | --- |
| End-Payor Plaintiffs | Donald A. Migliori, Esq.<br>Motley Rice LLC<br>321 South Main St., 2nd Floor<br>Providence, RI 02903<br>Phone: 401 457 7700 |

7. **PLAINTIFFS' INTERIM CO-LEAD COUNSEL.** Pursuant to Fed. R. Civ. P. 23(g), the Court designates the following firms to act as Interim Co-Lead Counsel to the End-Payor Plaintiffs:

| Plaintiff Group | Firm(s) Designated as Interim Co-Lead Counsel |
|---|---|
| End-Payor Class Plaintiffs | **MOTLEY RICE LLC**<br>Michael M. Buchman<br>600 Third Avenue, 21st Floor<br>New York, NY 10016<br>(212) 577-0040<br><br>**MILLER LAW LLC**<br>Marvin A. Miller<br>115 South LaSalle Street<br>Chicago, IL 60603<br>(312) 332-3400<br><br>**COHEN MILSTEIN SELLER & TOLL PLLC**<br>J. DOUGLAS RICHARDS<br>88 PINE STREET<br>14TH FLOOR<br>NEW YORK, NY 10005<br>(212) 838-7797<br><br>**HILLIARD & SHADOWEN LLC**<br>Steve D. Shadowen<br>39 West Main Street<br>Mechanicsburg, PA 17055<br>(855) 344-3298 |

8. **AUTHORITY OF INTERIM CO-LEAD COUNSEL**. Interim Co-Lead Counsel, working together in a coordinated fashion, shall have sole authority over the following matters concerning the respective group of plaintiffs they represent: (a) convening meetings of counsel; (b) initiating, responses, scheduling, briefing, and argument of all motions; (c) determining the scope, order, and conduct of all discovery proceedings; (d) making such work assignments among themselves and other counsel as they may deem appropriate; (e) collecting reports on a monthly basis of contemporaneously kept time and expenses from counsel; (f) retaining experts; (g) designating which attorneys shall appear at hearings and conferences with the Court; (h) the timing and substance of any settlement negotiations with Defendants; (i) allocating fees, if any are awarded by the Court, among the various firms that worked on the

case; and (j) communicating and entering agreements with Defendants' counsel, including settlement discussions and or agreements, which shall be binding on behalf of all End-Payor Plaintiffs.

9. **END-PAYOR PLAINTIFFS' EXECUTIVE COMMITTEE.** In order to ensure that the views of counsel for plaintiffs in all of the End-Payor cases are considered, the following are appointed to the Interim End-Payor Plaintiffs' Executive Committee:

>Carl Case Beckwith (ccbeckwith@gmail.com)
>**CARL BECKWITH, ESQ., PC**
>1 Closter Commons, #181
>Closter, NJ 07624
>
>Natalie Finkelman Bennett (nfinkelman@sfmslaw.com)
>**SHEPHERD FINKELMAN MILLER & SHAH LLC**
>35 E. State St.
>Media, PA 19063
>
>William J. Doyle (bill@doylelowther.com)
>**DOYLE LOWTHER LLP**
>10200 Willow Creek Rd #150
>San Diego, CA 92131
>
>James Dugan (jdugan@dugan-lawfirm.com)
>**The Dugan Law Firm, LLC**
>One Canal Place - Suite 1000
>365 Canal Street
>New Orleans, LA 70130
>
>Jayne A. Goldstein (jagoldstein@pomlaw.com)
>**POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP**
>1792 Bell Tower Lane, Suite 203
>Weston, FL 33326
>
>Deborah R. Gross (Debbie@bernardmgross.com)
>**LAW OFFICES BERNARD M. GROSS, PC**
>100 Penn Square East
>John Wanamaker Bldg., Suite 450
>Philadelphia, PA 19107

Jeffrey L. Kodroff (jkodroff@srkw-law.com)
**SPECTOR ROSEMAN KODROFF & WILLIS, P.C.**
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Lisa J. Rodriguez  (ljrodriguez@schnader.com)
**SCHNADER HARRISON**
600 Market Street
Suite 3600
Philadelphia, PA 19103-7286

Frank R. Shirrippa (fschirripa@hrsclaw.com)
**HACH ROSE SCHIRRIPA & CHEVERIE, LLP**
185 Madison Ave.
New York, NY 10016

James Stranch (jims@branstetterlaw.com)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
227 Second Avenue North, 4th Floor
Nashville, TN 37201

Richard D. Trenk (rtrenk@trenklawfirm.com)
**TRENK, DIPASQUALE, DELLA FERA & SODONO, P.C.**
347 Mt. Pleasant Ave.
Suite 300
West Orange, NJ 07052

10. In consultation with and at the direction of Interim Co-Lead Counsel for the End-Payor Plaintiffs, the Interim End-Payor Plaintiffs' Executive Committee shall advise Interim Co-Lead Counsel and participate in the prosecution of the End-Payor class actions.

11. **COMMON BENEFIT FUND FOR EXPENSES**

From time to time, the Interim Co-Lead Counsel may make such assessments and shall receive and hold such funds as necessary to effectively prosecute the interests of the litigation. The account shall be maintained by Interim Co-Lead Counsel.  Any funds to be paid out of such account shall be paid only upon the direction of Interim Co-Lead Counsel.

12. **ADMINISTRATION**

For Interim Co-Lead Counsel appointed by the Court the recovery of common benefit time and cost reimbursements is essential. This will be for "Participating Counsel" as defined herein. Participating Counsel shall only be eligible to receive common benefit attorneys' fees and cost reimbursement if the time expended, costs incurred and activity in question were: (a) for the common benefit of the End-Payor Class, (b) appropriately authorized by and at the direction of Interim Co-Lead Counsel (as defined herein), (c) timely submitted on a quarterly basis, and (d) ultimately approved by this Court. This Order sets forth the guidelines regarding the submission and compensability of common benefit time and expenses. Participating Counsel who seek to recover court-awarded common benefit attorneys' fees and expenses in connection with this litigation shall keep a daily contemporaneous record of their time and expenses, noting with specificity the amount of time and particular activity along with confirmation that authority was obtained to have undertaken that common benefit effort. For the purpose of coordinating these guidelines and tracking submissions, Interim Co-Lead Counsel will initially review all submissions of monthly time and expense reports and employ a Certified Public Accountant or other vendor to insure proper compliance by the Participating Counsel with this Order. All Participating Counsel working on common benefit activities shall submit a separate report of their time and expense records on a quarterly basis as established by Interim Co-Lead Counsel.

Interim Co-Lead Counsel shall make available to the Court on a quarterly basis the compiled time and expense reports, as prepared by the Certified Public Accountant. The Court will schedule quarterly meetings with Liaison Counsel and the Certified Public Accountant to review the time and expense reports. Liaison Counsel and the Certified Public Accountant shall attend these meetings in-person (or by telephone if necessary). Other End-

Payor Class counsel may participate in the meetings at their discretion, but only the Liaison Counsel and the Certified Public Accountant may bill time for such participation. Quarterly review by the Court of the time and expense reports shall not be construed as approval thereof and all fees will remain subject to approval by the Court at the conclusion of the litigation, if applicable. The time and expense reports will be reviewed by the Court on an *ex parte* basis, and all such reports will remain confidential and under seal. Likewise, meetings with Liaison Counsel and the Certified Public Accountant shall be *ex parte* and confidential.

The failure to secure authority to incur common benefit time and expenses, or maintain and timely provide such records or to provide a sufficient description of the activity will be grounds for denying the recovery of attorneys' fees or expenses in whole or in part.

"Participating Counsel" are members of the Executive Committee and counsel who subsequently desire to be considered for common benefit compensation and as a condition thereof agree to the terms and conditions herein and acknowledge that the Court will have final authority regarding the award of fees, the allocation of those fees and awards for cost reimbursements in this matter. Participating Counsel have (or will have) agreed to and therefore will be bound by the court's determination on common benefit attorney fee awards, attorney fee allocations, and expense awards, and the Participating Counsel knowingly and expressly waive any right to appeal those decisions or the ability to assert the lack of enforceability of this Agreed Order or to otherwise challenge its adequacy.

13. **EXPENSE LIMITATIONS**

   1. **Travel Limitations**

   Only reasonable expenses will be reimbursed. Except in extraordinary circumstances approved in advance by the Interim Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

   a. Airfare. Reasonable and appropriate airfare will be reimbursed and is subject to audit and review. Airfare deemed to be excessive or which is not related to an assigned task or judicial requirement will not be reimbursed. First-class airfare will be deemed excessive and will not be reimbursed.

   b. Hotel. Reasonable and appropriate hotel accommodations and charges will be reimbursed based on location. Hotel accommodations deemed to be excessive or which are not related to an assigned task or judicial requirement will not be reimbursed. No hotel phone call, mini-bar, rental movies, athletic facilities, dry cleaning charges or other personal charges shall be permitted.

   c. Meals. Meal expenses must be reasonable and shall only be reimbursed if not exceeding $65 per day.

   d. Cash Expenses. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, etc.) will be reimbursed up to $20.00 per trip, so long as the expenses are properly itemized.

   e. Rental Automobiles. Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates (based on charges for mid-sized vehicles) must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel or materials necessary to be transported to a deposition or trial.

   f. Mileage. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS.

2. **Non-Travel Limitations**

   a. <u>Long Distance, Conference Call and Cellular Telephone Charges</u>. Common benefit long distance, conference call and cellular telephone charges must be documented as individual call expenses in order to be compensable. Copies of the telephone bills must be submitted with notations as to which charges relate to the MDL litigation. Such charges are to be reported at actual cost.

   b. <u>Shipping, Overnight, Courier, and Delivery Charges.</u> All claimed <u>common</u> benefit shipping, overnight, courier or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost. Charges for these services should be made only when necessary as email for service and communications is encouraged.

   c. <u>Postage Charges.</u> A contemporaneous postage log or other supporting documentation must be maintained and submitted for common benefit postage charges. Such charges are to be reported at actual cost. Charges for these services should be made only when necessary as email for service and communications is encouraged.

   d. <u>Telefax Charges</u>. Contemporaneous records should be maintained and submitted showing faxes sent and received for common benefit matters. The per-fax charge shall not exceed $1.00 per page.

   e. <u>In-House Photocopy</u>. A contemporaneous photocopy log or other <u>supporting</u> documentation must be maintained and submitted. The maximum copy charge is $.25 per page.

   f. <u>Computerized Research — Lexis/Westlaw</u>. Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the <u>exact</u> amount charged the firm and appropriately allocated for these research services.

3. Expert Expense Limitations

   To the extent appropriate to the nature of the expert engagement, experts retained to work on the case will be required to agree to similar travel and non-travel expense limitations as those set forth above.

14. **VERIFICATION**

The forms detailing expenses shall be certified by a member of the Participating Counsel in each firm attesting to the accuracy of the submissions. Those forms shall be signed by a senior partner in that firm. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification so long as accompanied by a declaration from counsel that work was performed and paid for the common benefit.

15. **AUTHORIZATION FOR COMPENSABLE COMMON BENEFIT WORK**

Authorized Common Benefit Work includes assignments made by Interim Co-Lead Counsel. Neither time spent on developing nor processing purely individual issues in any case for an individual client (claimant) will be considered or should be submitted, nor will time spent on any unauthorized work.

16. **COMMON BENEFIT WORK**

   1. Examples of authorized and unauthorized common benefit work include but are not limited to:

       a. Depositions. Attendance at depositions noticed by Plaintiffs shall be limited to the attorney primarily responsible for taking the lead in questioning and either another attorney or paralegal. Attendance at depositions noticed by any other party shall be limited to one attorney. Participating Counsel may attend any deposition space permitting; however, if such counsel has not been designated as one of the authorized questioners or otherwise authorized to attend the deposition by Interim Co-Lead, the time and expenses shall not be considered common benefit work, but rather considered as attending on behalf of such counsel's individual clients. It is suggested that in order to be efficient and avoid the costs of travel, that certain depositions may be able to be taken by videoconferencing.

       b. Periodic MDL Conference Calls. These calls are held so that individual attorneys are kept up-to-date on the status of the litigation, and participation by listening to such calls is not common benefit work. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and that

is a reason to listen in on those calls. The attorneys designated by Interim Co-Lead Counsel to run those calls are working for the common benefit by keeping other lawyers informed and educated about the case, and their time will be considered for common benefit. Nothing in this paragraph shall be construed to prevent members of Participating Counsel from submitting common benefit time for participation in communications that are germane to all counsel and are necessary to fulfill their obligations.

c. <u>Periodic Status Conferences</u>. Regular status conferences are held so that the litigation continues to move forward and legal issues are resolved with the court. Individual attorneys are free to attend any status conference held in open court in order to keep up-to-date on the status of the litigation and participation, but attending and listening to such conferences is not common benefit work. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients. Mere attendance at a status conference will not be considered a common benefit expense or common benefit time. Interim Co-Lead Counsel will attend all conferences scheduled by the Court and shall confer among themselves and such other counsel as they may deem appropriate regarding matters to be discussed and argued at the Status conferences to determine counsel who will make presentations and insure proper coordination on issues. The attorneys designated by Interim Co-Lead Counsel to address issues that will be raised at a given status conference or requested by Interim Co-Lead Counsel to be present at a status conference are working for the common benefit and their time will be considered for common benefit. Similarly, Interim Co-Lead Counsel, as well as any other attorney whose attendance at a status conference is specifically requested by the Judge in that case may submit their time for evaluation as common benefit time.

d. <u>Committee Meetings or Calls</u>. During committee phone calls or other meetings there is a presumption that only one participant per firm will qualify for common benefit time, unless otherwise authorized by Interim Co-Lead Counsel.

f. <u>Attendance at Seminars</u>. Mere attendance at a seminar does not qualify as common benefit work or a common benefit expense unless the individual is attending at the direction of Interim Co-Lead Counsel and for the benefit of the MDL.

g. <u>Document Review</u>. Only document review specifically authorized by the Interim Co-Lead Counsel for the MDL and assigned to an attorney will be considered common benefit work. The review done in a designated attorney's office will be performed by appropriately

trained individuals selected by the attorney. If a reviewer elects to review documents that have not been assigned to that attorney by the Interim Co-Lead Counsel, that review is not considered common benefit. Counsel will receive periodic reports from the vendor(s) retained to manage the electronic production, of computer billing time for depository review. Such Vendor should have the capability to track actual time spent by each attorney reviewing documents. Participating Counsel should bring any discrepancy to the attention of Interim Co-Lead Counsel or its designee within thirty days of receipt of the Vendors' report. Failure to timely bring any claimed discrepancy to the attention of Interim Co-Lead Counsel will result in the compensable document review time being presumptively deemed that which was electronically logged by Vendor. A Fee Committee at the appropriate time will review all fee submissions related to document review, and document review that is duplicative of what has been assigned in the MDL may not be compensated.

h. <u>Review of Pleadings and Orders</u>. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of pleadings and orders is part of that obligation. Only those attorneys designated by Interim Co-Lead Counsel to review or summarize those pleadings or orders for the MDL are working for the common benefit and their time will be considered for common benefit. All other counsel are reviewing those pleadings and orders for their own benefit and the benefit of their own clients, and the review is not considered common benefit. Nothing in this paragraph shall be construed to prevent the Co-lead, Co-Liaison Counsel from submitting common benefit time for reviewing orders of the court that are germane to Participating Counsel and are necessary for review to fulfill their committee or court appointed obligations.

i. <u>Emails</u>. Time recorded for reviewing emails, and providing non-substantive responses, generally is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email. Thus, for example, review of an email sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review emails to a larger group which involves a matter on which the recipient is not directly and immediately working. If time submissions are heavy on email review and usage with little related substantive work, that time may be heavily discounted or not compensated at all.

j. <u>Review of Discovery Responses</u>. Each attorney has an obligation to keep themselves informed about the litigation so that they can best

represent their clients and that is a reason to review discovery responses served in this litigation. Only those attorneys designated by the Interim Co-Lead Counsel for the individual MDL to review and summarize those discovery responses for the MDL are working for the common benefit and their time will be considered for common benefit. All other counsel are reviewing those discovery responses for their own benefit and the benefit of their own clients, and the review is not considered common benefit.

    k.    <u>Pre-Litigation Hours Materially Advanced</u>. The court will have the authority and discretion to permit the accounting of pre-litigation hours materially advanced for common benefit.

    l.    <u>Paralegal Hours</u>. Common benefit time performed by Paralegals will be approved based on the requirements set forth in this Order for attorneys.

    m.    <u>Travel Time</u>. To the extent that travel is required for common benefit work, the travel time may be billed in full only to the extent that substantive work on this matter is being performed. Otherwise, travel time may be billed at 50% of the time spent, provided that no billing is allowed for travel time spent working on other matters.

In the event Plaintiffs' Counsel are unsure if the action they are about to undertake is considered a common benefit action, counsel shall ask the Interim Co-Lead Counsel in advance as to whether such time may be compensable.

    17.    **TIME KEEPING AND SUBMISSION OF TIME RECORDS**

All time must be authorized and accurately and contemporaneously maintained. Time shall be kept according to these guidelines as noted herein and submitted in the Forms approved by Interim Co-Lead Counsel. Participating Counsel shall keep a daily record of their time spent in connection with common benefit work on this litigation, indicating with specificity the hours, location and particular activity (such as "conducted deposition of John Doe"). Time entries that are not sufficiently detailed may not be considered for common benefit payments. All common benefit work time for each firm shall be maintained in a tenth-of-an-hour increment.

The following shall be noted:

All time submissions must be incurred only for work authorized under this Order.

1. All time submissions must be made on the Forms approved by Interim Co-Lead Counsel.

2. All time and expenses reports are subject to proper and timely submission and shall be submitted within 15 days of the end of the prior month for which contemporaneous records are certified to have been timely received for the preceding thirty (30) days. Beginning March 15, 2014, submissions shall be made for all time incurred prior to the entry of this Order.

3. All expenses submissions must include receipts for all expenses.

4. Untimely Submissions. Failure to provide time and expense records on a timely basis as set forth herein shall result in a waiver of same.

18. **SERVICE OF PAPERS**. So long as it is unredacted and unsealed, service of any filing with the Court via ECF shall be deemed served upon all counsel in the Consolidated End Payor Class Action upon ECF filing. In that event, no further action is necessary to effectuate service. For all other papers, service shall be effective if made by courier, overnight mail, and/or email, upon at least each of the following:

> Michael M. Buchman (mbuchman@motleyrice.com)
> **MOTLEY RICE LLP**
> 600 Third Avenue, 21st Floor
> New York, NY 10016
>
> Marvin A. Miller (mmiller@millerlawllc.com)
> **MILLER LAW LLC**
> 115 South LaSalle Street
> Chicago, IL 60603
>
> J. Douglas Richards
> **COHEN MILSTEIN SELLER & TOLL PLLC**
> 88 Pine Street
> 14th Floor
> New York, NY 10005

Steve D. Shadowen (steve@hillardshadowenlaw.com)
**HILLARD SHADOWEN LLC**
39 West Main Street
Mechanicsburg, PA 17055

19. It shall be the responsibility of counsel listed in Paragraph 7 above to provide the remaining counsel for their respective group of parties with papers served upon them.

BY THE COURT:

*[signature: WESmith]*

William E. Smith
Chief Judge