UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

———————————————————— )
                                    )
IN RE LOESTRIN 24 FE                )   MDL No. 13-2472-S-PAS
ANTITRUST LITIGATION                )
                                    )
                                    )
THIS DOCUMENT RELATES TO:           )   No. 1:13-md-2472-S-PAS
ALL ACTIONS                         )
———————————————————— )

**ORDER**

WILLIAM E. SMITH, Chief Judge.

The Court has before it the following motions: (1) Motion for Entry of Final Judgment (ECF No. 129) filed by Direct Purchaser Plaintiffs American Sales Company and Rochester Drug Co-Operative ("Direct Purchasers"); (2) End-Payor Plaintiffs' Motion for Reconsideration or Alternatively to Certify the Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay the Proceeding (ECF No. 126); and (3) Defendants'[1] Motion to Stay the Walgreen Plaintiffs' Action (ECF No. 137).  The Court rules as follows:

Direct Purchasers' Motion for Entry of Final Judgment is hereby GRANTED.  In its September 4, 2014 Opinion and Order

_____

[1] Defendants include: Actavis, Inc.; Lupin Ltd.; Lupin Pharmaceuticals, Inc.; Warner Chilcott Company, Inc.; Warner Chilcott Company, LLC; Warner Chilcott Public Limited Company; Warner Chilcott (US), LLC; Warner Chilcott Laboratories Ireland, Limited; Warner Chilcott Holdings Company III, Ltd; Warner Chilcott Corporation; Warner Chilcott Sales (US), LLC; Watson Laboratories, Inc.; and Watson Pharmaceuticals, Inc.

granting Defendants' Motions to Dismiss (ECF No. 116), the Court dismissed Direct Purchasers' Sherman Act complaint in its entirety, denying Direct Purchasers all relief. Thus, their case is "immediately appealable." See Gelboim v. Bank of Am. Corp., 135 S. Ct. 897, 905-06 (2015) ("When the transferee court overseeing pretrial proceedings in multidistrict litigation grants a defendant's dispositive motion 'on all issues in some transferred cases, [those cases] become immediately appealable . . . while cases where other issues remain would not be appealable at that time.'" (quoting D. Herr, Multidistrict Litigation Manual § 9:21, p. 312 (2014))).

Final judgment will therefore be entered in favor of Defendants and against Direct Purchaser Plaintiffs, pursuant to Rule 58(b)(1)(C).

End-Payor Plaintiffs' Motion for Reconsideration or Alternatively to Certify the Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay the Proceeding is hereby GRANTED in part and DENIED in part.

Reconsideration is not appropriate unless the movant demonstrates newly discovered evidence, "a manifest error of law," or that the court "patently misunderstood" a party's argument. Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008). End-Payor Plaintiffs ("End Payors") demonstrate only that they dispute the Court's analysis in its

2

September 4, 2014 Opinion and Order, largely repeating arguments previously set forth in their opposition to Defendants' Motion to Dismiss.  They point to nothing that could constitute a "manifest error of law."  Their description of the Court's "misunderstanding" is again merely a reiteration of their disagreement with the Court's analysis.  For these reasons, End Payors' request for reconsideration is DENIED.

End Payors' request for permission to pursue an interlocutory appeal under 28 U.S.C. § 1292(b) is also DENIED. The Court has determined that the appropriate approach is to enter final judgment as to End Payors' federal antitrust claims under Federal Rule of Civil Procedure 54(b).  There is "no just reason" to delay entering final judgment as to these claims because to do otherwise would bar End Payors from appealing these claims at the same time as Direct Purchasers, causing the precise harm Rule 54(b) meant to avoid.  See Fed. R. Civ. P. 54; Gelboim, 135 S. Ct. at 902 (explaining that Rule 54 was intended "specifically to avoid the possible injustice" of requiring a party to wait for judgment on a discrete claim "pending adjudication of the entire case" (internal citations and quotation marks omitted)); id. at 906 (district courts in multi-district litigation may grant certification under Rule 54(b) to allow "plaintiffs in actions that have not been dismissed in their entirety to pursue immediate appellate review").

3

Moreover, End Payors intend to appeal the same issue as to which Direct Purchasers are entitled to final judgment. Thus, given that Direct Purchasers' claim is ripe for appeal regardless of End Payors' participation, granting Rule 54(b) judgment has no bearing on the usual concern with piecemeal appeals. See Quinn v. City of Boston, 325 F.3d 18, 27 (1st Cir. 2003).[2]

Final judgment will therefore be entered in favor of Defendants and against End Payors as to Claims One and Three in End Payors' Consolidated Class Action Complaint (ECF No. 40).

End Payors' request to stay remaining proceedings in this Court as to their state law claims pending resolution of their appeal to the First Circuit Court of Appeals of the September 4, 2014 Opinion and Order is hereby GRANTED.

Defendants' Motion to Stay the Walgreen Plaintiffs' Action[3] is hereby GRANTED. Because resolution of the appeals will be determinative of at least a large portion of the Walgreen Plaintiffs' claims, judicial economy clearly favors staying the action. The Walgreen Plaintiffs, in their objection, fail to

---

[2] Because the appeals concern an issue that is central to this action, and because this Court is staying all remaining claims pending resolution of the appeals, it is likely that immediate review here will actually allow more efficient resolution of the parties' remaining claims.

[3] This action was brought in C.A. 1:14-102 by Plaintiffs Walgreen Co., The Kroger Co., Safeway, Inc., HEB Grocery Company L.P., and Albertson's LLC.

persuasively set forth any indication that they will be prejudiced by a stay.

For the foregoing reasons, all matters before the Court in this action are hereby stayed, pending resolution of the anticipated appeals of the judgments entered under Federal Rules of Civil Procedure 54(b) and 58 discussed herein, or until further order of this Court.

IT IS SO ORDERED.

William E. Smith
Chief Judge
Date:  February 17, 2015