```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
IN RE LOESTRIN 24 FE                )    MDL No. 13-2472-S-PAS
ANTITRUST LITIGATION                )
                                    )
                                    )
THIS DOCUMENT RELATES TO:           )    No. 1:13-md-2472-S-PAS
ALL ACTIONS                         )
_____ )
```

### INTERIM CASE MANAGEMENT ORDER NUMBER 5

WILLIAM E. SMITH, Chief Judge.

On December 13, 2016, a Status Conference was held in the above-captioned matter. After hearing from the parties, the Court has determined that discovery should proceed while the motions to dismiss are pending. Consistent with the discussions at the December 13, 2016 Status Conference, the Court ORDERS the following:

1. **Product Market and Downstream Sales Discovery.** If Defendants choose to move to compel product market and/or downstream sales discovery, they must do so no later than **January 13, 2017**. Plaintiffs and Defendants will then be given the opportunity to file a response and reply, respectively, in accordance with the deadlines set by the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the District of Rhode Island. The Court will set a hearing date on this motion after argument is held on the pending motions to dismiss.

2. **Pharmaceutical Experts and Consultants.** Consistent with the parties' agreement, and as discussed at the separate status conference before Magistrate Judge Sullivan on December 13, 2016, the following procedure will control the parties' vetting of pharmaceutical experts and consultants:

    a. Parties must disclose any independent pharmaceutical expert or consultant before the expert or consultant has access to other parties' confidential and/or commercially sensitive information;

    b. If an opposing party objects to the use of a specific pharmaceutical expert or consultant, the parties must meet and confer about the objection(s);

    c. If the parties are unable to resolve the objection after the meet and confer, and within **7 days** from the date of the initial disclosure, any party may move for relief from this Court;

    d. The disclosing party will have **5 days** to file a response in opposition; and

    e. This Court will rule on any motions filed pursuant to this section no more than **5 days** after the time to file an opposition has lapsed.

3. **On-going Discovery.** Consistent with the Federal Rules of Civil Procedure, the parties shall complete the following

discovery as soon as practicable or by any specific deadline as set forth below:

    a. Meet and confer regarding Defendants' production of the patent litigation file(s) underlying this Multi-District Litigation (MDL). Defendants shall produce the entire file for the underlying patent suit(s). Parties shall confer and attempt to resolve any third-party consent issues;

    b. Defendants shall produce the agreements, including drafts, underlying this MDL between Warner Chilcott and Watson, as well as between Warner Chilcott and Lupin;

    c. Plaintiffs and Defendants shall agree upon search terms and custodians for electronically stored information;

    d. Defendants shall provide Plaintiffs with written responses to their requests for production by **January 13, 2017**;

    e. Parties should begin conducting discovery regarding the relevant authorized generics; and

    f. Parties shall meet and confer about executing release(s) consistent with the Health Insurance Portability and Accountability Act of 1996.

4. **Discovery Disputes.** Prior to filing any motions relating to discovery disputes arising out of this Order, but not specifically contemplated by this Order, the parties shall contact Magistrate Judge Sullivan for an informal conference to mediate the dispute.

IT IS SO ORDERED.

_/s/ William E. Smith_
William E. Smith
Chief Judge
Date:  December 19, 2016