# EXHIBIT A

# FARUQI & FARUQI, LLP

ATTORNEYS AT LAW

101 GREENWOOD AVENUE, SUITE 600
JENKINTOWN, PA 19046
(215) 277-5770

PETER RUSSELL KOHN  
EMAIL: pkohn@faruqilaw.com

TELECOPIER: (215) 277-5771  
WEBSITE: www.faruqilaw.com

October 22, 2013

**FILED VIA CM/ECF**

The Honorable Paul S. Diamond  
United States District Judge  
601 Market Street  
Room 6613  
Philadelphia, PA 19106

      RE:   *Mylan Pharms., Inc. v. Warner Chilcott, et al.*  
              **No. 12-3824 (Consolidated)**

Dear Judge Diamond:

    We are co-lead counsel for the Direct Purchaser Plaintiffs. We write on behalf of all direct and indirect purchaser plaintiffs ("Plaintiffs"). This past Friday, defendants Warner Chilcott and Mayne ("Defendants") served sixteen (16) expert reports, many of which are obviously cumulative of one another, and virtually all of which were late under the Amended Scheduling Order (ECF No. 378). This motion seeks a 40-day extension of time to allow Plaintiffs to depose these 16 experts and prepare rebuttal expert reports.

    *Background.* On July 10, 2013, Plaintiffs and Defendants jointly moved for an extension of the expert report schedule to accommodate Defendants' incomplete third-party discovery efforts. ECF No. 356. The Court granted that joint request, meaning that the schedule was as follows (ECF No. 378):

| EVENT | DATE |
| --- | --- |
| The party with the burden of proof on an issue serves its expert report on that issue, with dates for expert depositions to be provided at the time of filing | August 9, 2013 |
| Parties serve responsive expert reports, with dates for expert depositions to be provided at the time of filing | October 18, 2013 *(70 days after opening expert reports)* |
| Parties serve rebuttal expert reports | November 15, 2013 *(28 days after responses)* |

    On August 9, Defendants served three (3) reports in accordance with the Court's Order. *See* Ex. A. In their letter serving the reports, Defendants stated that they felt they did not have the burden of proof on the issues addressed by those reports, but were serving them out of caution (*i.e.*, in case they did have the burden of proof). *Id.* The reports were as follows:

FARUQI & FARUQI, LLP

The Honorable Paul S. Diamond
October 22, 2013
Page 2

| Name | Topic |
|---|---|
| Eugene Kolassa, Ph.D. | Mylan's marketing of generic Doryx |
| Bruce Strombom, Ph.D. | Pass-on of overcharges by end-payors |
| Scott Lassman | Warner Chilcott's "citizen petitions" |

Plaintiffs immediately prepared to timely respond to the 3 reports by October 18, and did so. But Plaintiffs noticed that Defendants had not served any reports on the issue of procompetitive justifications, an issue on which Defendants bear the burden of proof. Concerned, Plaintiffs wrote to Defendants on August 13, asking if Defendants were strategically holding back reports, and pointing out that they could not engage in that tactic, for that would violate the Court's Order and prejudice Plaintiffs. *See* Ex. B. Specifically, that tactic would deprive Plaintiffs of the 70-day period for responsive expert reports.

Defendants responded on August 17. Defendants conceded that they did, in fact, bear the burden of proof on the defense of procompetitive justifications (their words: "Defendants will have a burden of production regarding the procompetitive benefits of Defendants' conduct"). *See* Ex. C, at 1. Nevertheless, Defendants refused to serve any of those reports until this past Friday, October 18. In support of their action, they argued:

> If, and only if, Plaintiffs meet that burden of proof at trial in this rule of reason case, ***then*** Defendants will have a burden of production regarding the procompetitive benefits of Defendants' conduct.

*See* Ex. C, at 1 (emphasis added). This argument clearly ignores the plain language of the Court's Order. Indeed, on its face, it suggests that Defendants have no obligation to serve expert reports on procompetitive justifications until Plaintiffs establish a *prima facie* case at trial.

Plaintiffs warned Defendants about the prejudice their tactical sandbagging would cause:

> If Defendants have withheld reports on the basis that Defendants dispute that they bear the burden of proof on the defense of procompetitive benefits/justifications, such withholding is improper (as Defendants themselves have recognized in serving the reports of Dr. Kolassa, Mr. Lassman, and Dr. Strombom "in an abundance of caution"). Defendants must serve those reports at once. It is prejudicial to Plaintiffs for Defendants to withhold such reports.

*See* Ex. B, at 3. This warning fell on deaf ears. On October 18, Defendants served sixteen (16) additional reports, largely cumulative of one another, 11 of which go to the defense of alleged procompetitive justifications:

| Name | Topic |
|---|---|
| Sumanth Addanki, Ph.D. | Relevant market |

FARUQI & FARUQI, LLP

The Honorable Paul S. Diamond
October 22, 2013
Page 3

| Name | Topic |
|---|---|
| Dennis Carlton, Ph.D. | Doryx changes were allegedly procompetitive as a matter of economics |
| Pierre Cremieux, Ph.D. | Doryx changes were allegedly procompetitive as a matter of economics<br>Indirect purchaser damages |
| Fredrick Flyer, Ph.D. | Mylan damages<br>Direct purchaser damages |
| Lisbeth Illum, Ph.D. | Doryx changes were allegedly procompetitive formulation improvements<br>Defendants purportedly did not reduce generic competition |
| Scott Gottlieb, M.D. | Doryx changes were allegedly procompetitive medical improvements |
| James Leyden, M.D. | Relevant market<br>Doryx changes were allegedly procompetitive medical improvements |
| Jeffrey Moe, Ph.D. | Defendants purportedly did not reduce generic competition |
| Timothy Nostrant, M.D. | Doryx changes were allegedly procompetitive medical improvements |
| Alan Perkins, Ph.D. | Doryx changes were allegedly procompetitive medical improvements |
| Brian Reisetter, Ph.D. | Defendants purportedly did not reduce generic competition |
| Mark Robbins, J.D., Ph.D. | Doryx changes were allegedly procompetitive as a business matter<br>Defendants purportedly did not reduce generic competition<br>Relevant market |
| Melissa Schilling, Ph.D. | Doryx changes were allegedly procompetitive as a business matter |
| Bette Schultz, MBA | Warner Chilcott and Mayne did not conspire<br>Doryx changes were allegedly procompetitive as a business and economic matter |
| Bill Seiden, MBA | Defendants purportedly did not reduce generic competition |
| Guy Webster, M.D. | Doryx changes were allegedly procompetitive medical improvements<br>Relevant market |

Now, instead of having 70 days, Plaintiffs have just 28 days to (a) depose 16 experts (11 of whom go to the defense of alleged procompetitive justifications, 5 of whom cumulatively assert that Defendants' conduct did not reduce generic competition, and 4 of whom cumulatively argue the definition of the relevant antitrust product market), (b) obtain any necessary additional responsive experts, and (c) prepare responsive reports. And Defendants have mostly offered deposition dates for the 16 experts that fall *after* the rebuttal report deadline.

FARUQI & FARUQI, LLP

The Honorable Paul S. Diamond
October 22, 2013
Page 4

***Relief Requested.*** Plaintiffs would be well within their rights to move to strike, as untimely, 11 of Defendants' reports that bear on the defense of procompetitive justifications, but will not do so unless and until the prejudice proves incurable. This motion seeks to cure the prejudice to Plaintiffs. All Plaintiffs request is for the 70-day time period to be restored so that Plaintiffs may take depositions and serve responsive reports. Despite meeting and conferring, Defendants will not consent to the relief requested by this motion. Mylan takes no position on this motion.

A proposed Order is attached that would grant the requested relief and cure the prejudice that Defendants' tactic has caused.

Respectfully submitted,

**FARUQI & FARUQI, LLP**


By: _____
        Peter Kohn

PRK:st
encl. (proposed Order)
c: All Counsel (via ECF)

**WHITE & CASE**

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel +1 212 819 8200
Fax +1 212 354 8113
whitecase.com

Direct Dial + 1 212 819 8520      jpace@whitecase.com

August 9, 2013

VIA E-MAIL

Counsel of Record

Re: *Mylan Pharmaceuticals, Inc., et al. v. Warner Chilcott Public Limited Company, et al.*,
Civ. No. 12-3824 (Consolidated)

Dear Counsel:

Attached please find the following expert reports submitted by the following individuals on behalf of Defendants:

- Expert Report of E. M. (Mick) Kolassa
- Expert Report of Scott M. Lassman
- Expert Report of Bruce A. Strombom

Dr. Kolassa is available to be deposed in New York, New York on September 18, 19, or 20. Mr. Lassman is available to be deposed in Washington, D.C. on September 25, 26, or 27. Dr. Strombom is available to be deposed in Los Angeles, California on September 17, 18, or 19.

While Defendants do not believe they have the burden of proof as to any of the issues addressed by these reports, we serve these reports in an abundance of caution in the event the Court should rule that Defendants bear the burden of proof as to any of the issues covered by the reports.

Sincerely,

Jack E. Pace III

Attachments

**EXHIBIT A**

# FARUQI & FARUQI, LLP

ATTORNEYS AT LAW

101 GREENWOOD AVENUE, SUITE 600
JENKINTOWN, PA 19046
(215) 277-5770

PETER RUSSELL KOHN
EMAIL: pkohn@faruqilaw.com

TELECOPIER: (215) 277-5771
WEBSITE: www.faruqilaw.com

August 13, 2013

**VIA EMAIL**

Peter J. Carney
Jack E. Pace III
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
pcarney@whitecase.com

Jonathan Short
MCCARTER & ENGLISH
100 Mulberry Street
Four Gateway Center
Newark NJ 07102
jshort@mccarter.com

RE: **Mylan Pharms., Inc. v. Warner Chilcott, et al.**

Dear Counsel:

I direct your attention to the Amended Case Management Order (ECF No. 378), which was entered on July 16, 2013, following a stipulation by and among the parties. The first three entries read as follows (emphasis added in red):

| EVENT | ORIGINAL DATE | AMENDED DATE |
|---|---|---|
| The party with the burden of proof on an issue serves its expert report on that issue, with dates for expert depositions to be provided at the time of filing | July 19, 2013 *(30 days after close of discovery)* | August 9, 2013 |
| Parties serve responsive expert reports, with dates for expert depositions to be provided at the time of filing | September 6, 2013 *(49 days after opening expert reports)* | October 18, 2013 *(70 days after opening expert reports)* |
| Parties serve rebuttal expert reports | October 4, 2013 *(28 days after responses)* | November 15, 2013 *(28 days after responses)* |

Defendants served three (3) reports on August 9, 2013: Dr. Kolassa, Mr. Lassman, and Dr. Strombom. In your cover letter dated August 9, 2013, you stated: "While Defendants do not believe they have the burden of proof as to any of the issues addressed by these reports, we serve these reports in an abundance of caution in the event the Court should rule that Defendants bear the burden of proof as to any of the issues covered by the reports." Letter from Jack Pace to Counsel, at 1 (Aug. 13, 2013).

# EXHIBIT B

FARUQI & FARUQI, LLP

Peter J. Carney
Jack E. Pace, III
Jonathan Short
August 13, 2013
Page 2

Thus, as Defendants expressly recognize, regardless of any Defendant's dispute about whether it bears the burden of proof as to an issue (or instead merely must respond to Plaintiffs' assertions concerning that issue), the Case Management Order must be followed. Tactical decisions to withhold expert reports are not permitted.

Here, it is clear that Defendants do, in fact, have the burden of proof on the defense of procompetitive benefits/justifications. *E.g.*, *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1367-68 (3d Cir. 1996); *U.S. v. Brown University*, 5 F.3d 658, 668-69 (3d Cir. 1993); *U.S. v. Microsoft*, 253 F.3d 34, 58-59 (D.C. Cir. 2001) (*en banc*); *Abbott Labs. v. Teva Pharms. U.S.A., Inc.*, 432 F. Supp.2d 408, 421-22 (D. Del. 2006).

And, Defendants are apparently pursuing the defense of procompetitive benefits/justifications. For instance:

- Defendants have pled the affirmative defense of "procompetitive benefits." *E.g.*, Warner Chilcott Answer to Direct Purchaser Complaint, Affirmative Defenses 11 and 26 (ECF No. 323); Mayne Answer to Direct Purchaser Complaint, Affirmative Defenses 6 and 18 (ECF No. 319).

- Defendants have answered Plaintiffs' interrogatories asserting the existence of such benefits of the conduct challenged in this case. See Warner Chilcott Supplemental Answers to Interrogatories, No. 3 (Nov. 15, 2012); Mayne Supplemental Answers to Interrogatories, No. 3 (Nov. 18, 2012).[1]

- During class certification proceedings, Warner Chilcott served reports specifically asserting the benefits of the conduct challenged in this case. *See* Declaration of Guy Webster, M.D., Part H, pp. 14-37 (May 15, 2013) (asserting that "Each New Formulation of Doryx Provided a Medical or Therapeutic Benefit") (ECF No. 253); Declaration of Bhaskara Jasti, Ph.D., Part III.A., pp. 19-25 (May 15, 2013) (asserting that "Warner Chilcott's Product Modifications Provided the Marketplace with Improvements That Are Not Immaterial from the Perspective of the Patient") (ECF No. 254).

---

[1] In its objections to Interrogatory 3, Warner Chilcott stated that "Defendants are not *required* to proffer 'justifications' for their conduct and may never be required to do so. * * * In answering this interrogatory, Warner Chilcott will interpret the request to seek information regarding a procompetitive benefit or effect of the action or decision described in the relevant subpart." (Emphasis added.) Of course, whether Defendants will choose to put on a case-in-chief, or will be successful in a Rule 50(a) motion after close of Plaintiffs' case-in-chief, has no bearing on Defendants' obligations to timely proffer expert discovery.

FARUQI & FARUQI, LLP

Peter J. Carney
Jack E. Pace, III
Jonathan Short
August 13, 2013
Page 3

- During class certification proceedings, Warner Chilcott made arguments in its briefs asserting that the factfinder could or would find that the conduct challenged in this case represented a product improvement: "If the Court determines tablets represented an improvement over capsules (less esophageal injury, greater stability, longer shelf life, patented invention, etc.) or otherwise was not exclusionary...." Warner Chilcott Mem. in Opp. to Class Cert., at 56 (May 16, 2013) (ECF No. 247).

Yet, despite Defendants' apparent pursuit of this defense, and despite Defendants' recognition that they must follow the Case Management Order regardless of whether Defendants dispute that they should bear the burden of proof on this defense, ***Defendants did not serve any reports on August 9 pertaining to the question whether the conduct challenged in this case constituted procompetitive product improvements that benefited patients and others, or was procompetitive otherwise.*** Specifically:

- Defendants did not serve a report from their expert physician, Dr. Webster, who previously testified in connection with class certification that "Each New Formulation of Doryx Provided a Medical or Therapeutic Benefit."

- Defendants did not serve any other physician report, either.

- Defendants did not serve a report from their pharmaceutical formulation expert, Dr. Jasti, who previously testified in connection with class certification proceedings that "Warner Chilcott's Product Modifications Provided the Marketplace with Improvements That Are Not Immaterial from the Perspective of the Patient."

- Defendants did not serve any other reports regarding the defense of procompetitive benefits/justifications.

If Defendants have withheld reports on the basis that Defendants dispute that they bear the burden of proof on the defense of procompetitive benefits/justifications, such withholding is improper (as Defendants themselves have recognized in serving the reports of Dr. Kolassa, Mr. Lassman, and Dr. Strombom "in an abundance of caution"). Defendants must serve those reports at once. It is prejudicial to Plaintiffs for Defendants to withhold such reports.

If, alternatively, Defendants are planning to rely upon Dr. Webster's and Dr. Jasti's class certification reports as their merits expert reports, Defendants must designate those reports at once.

If, on the other hand, Defendants have abandoned their defense of procompetitive benefits/justifications, please advise us of that fact immediately.

**FARUQI & FARUQI**, LLP

Peter J. Carney
Jack E. Pace, III
Jonathan Short
August 13, 2013
Page 4

      Please respond to this letter within five (5) days. Plaintiffs reserve all rights, including the right to seek to preclude any expert witnesses, reports, or portions thereof that were served out of sequence.

      Very truly yours,

      **FARUQI & FARUQI, LLP**

By: _____
      Peter Kohn

PRK:st
c: All counsel (via email only)

**WHITE & CASE**

White & Case LLP  
1155 Avenue of the Americas  
New York, New York 10036-2787

Tel +1 212 819 8200  
Fax +1 212 354 8113  
whitecase.com

Direct Dial + 1 212 819 8520    jpace@whitecase.com

August 17, 2013

VIA E-MAIL

Peter Kohn, Esq.
Faruqi & Faruqi, LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046

Re: *Mylan Pharmaceuticals Inc., et al. v. Warner Chilcott Public Limited Company, et al.*,
Civ. No. 12-3824 (E.D. Pa.) (Consolidated)

Dear Peter:

We received your letter of August 13, 2013 regarding expert reports in this matter. You misinterpret and mischaracterize the parties' obligations, and with all due respect your proposal makes no sense. Defendants reject it.

As we have said several times over the course of this litigation, Defendants do not have the burden to justify their new products as sufficiently innovative, other than with customers in the marketplace. Plaintiffs' complaints allege that Defendants' newer versions of Doryx were well-received by doctors. Plaintiffs brought these cases, and Plaintiffs have the burden of proof to establish that Defendants' conduct somehow was anticompetitive, exclusionary, and illegal. ==If, and only if, Plaintiffs meet that burden of proof at trial in this rule of reason case, then Defendants will have a burden of production regarding the procompetitive benefits of Defendants' conduct.== *See, e.g., Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1367-68 (3d Cir. 1996) (affirming summary judgment and holding, "If a plaintiff meets his initial burden of adducing adequate evidence of market power or actual anticompetitive effects, the burden shifts to the defendant to show that the challenged conduct promotes a sufficiently pro-competitive objective") (citing *U.S. v. Brown University in Providence in State of R.I.*, 5 F.3d 658, 669 (3d Cir. 1993)); *Clorox Co. v. Sterling Winthrop, Inc.*, 117 F.3d 50, 56 (2d Cir. 1997) (same); *Hairston v. Pacific 10 Conference*, 101 F.3d 1315, 1319 (9th Cir. 1996) (same); *see also Associated Gen. Contractors of Calif. v. California State Council of Carpenters*, 459 U.S. 519, 532-35 (1983) (plaintiffs must prove injury by reason of defendants' alleged wrongdoing).

ABU DHABI ALMATY ANKARA BEIJING BERLIN BRATISLAVA BRUSSELS BUCHAREST BUDAPEST DOHA DÜSSELDORF FRANKFURT GENEVA HAMBURG HELSINKI HONG KONG ISTANBUL JOHANNESBURG LONDON LOS ANGELES MADRID MEXICO CITY MIAMI MILAN MONTERREY MOSCOW MUNICH NEW YORK PARIS PRAGUE RIYADH SÃO PAULO SHANGHAI SILICON VALLEY SINGAPORE STOCKHOLM TOKYO WARSAW WASHINGTON, DC

**EXHIBIT C**

Peter Kohn, Esq.

August 17, 2013

We have seen nothing to suggest that Plaintiffs will be able to meet their burden of proof at trial that Warner Chilcott's FDA approved improvements of its Doryx product in any way were anticompetitive, exclusionary, or illegal. Moreover, Plaintiffs' theory of competitive harm is unprecedented. As the Court wrote in denying Defendants' motions to dismiss without prejudice, "Plaintiffs' theory here is 'novel' at best." (Doc. No. 280 at 3-4.) The Court noted it was "skeptical that the 'product hopping' alleged here constitutes anticompetitive conduct under the Sherman Act." *Id.*

Plaintiffs' expert reports of August 9 only confirm that the Court's skepticism is well-founded. Nothing in those reports suggests that Plaintiffs will be able to carry their burden of proof at trial. For example, Direct Purchaser Plaintiffs' expert economist Jeffrey Leitzinger bases his conclusions about the alleged "anticompetitive effects" of Defendants' conduct on a test that would require that (1) all procompetitive benefits of an innovation be proven to exist *ex ante*, before an innovation has been tested in the market, and (2) only those innovations that sell more units than prior models, as opposed to maintaining sales or reducing losses, are sufficiently innovative to survive antitrust scrutiny—all other innovations would face a treble damages jury trial. Leitzinger Report at 46. Dr. Leitzinger cites nothing for this test, because it has no support in economic theory let alone antitrust law. Like Plaintiffs' case theory, if accepted the Leitzinger Test would do unspeakable damage to innovation in this country.

Finally, from a purely practical perspective, Plaintiffs' proposal—that Defendants submit expert reports on procompetitive benefits *before* seeing Plaintiffs' expert reports on anticompetitive effects—would require Defendants to raise arguments for the plaintiffs and address them anticipatorily, rather than review and respond to them in the "responsive expert reports" called for the Case Management Order. Doc. No. 378. Plaintiffs' ships-passing-in-the-night proposal is not only contrary to the CMO but would be inefficient and wasteful. And Plaintiffs suffer no prejudice from complying with the CMO here, as they are permitted to submit rebuttal reports in response to any expert reports submitted by Defendants on October 18. *See, e.g., Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, Civ. A. No. C 01-20418 JW, 2005 WL 1459572, at *2 (N.D. Cal. Jun. 21, 2005) ("Since Plaintiffs have the burden of proof, Plaintiffs have the burden of presenting the evidence first. Plaintiffs will have an opportunity to respond to Defendants' expert reports in their rebuttal reports . . . . [S]imultaneous disclosure would in fact prejudice the Defendants . . . [and] would result in needless waste of resources."); *see also United States of America v. Daily Gazette Co. & Medianews Group, Inc.*, Civ. A. No. 2:07-0329 (S.D. W. Va. Aug. 19, 2009) (Doc. No. 183) ("[T]he more sensible approach is one that permits the defendants to comply with their expert witness disclosure obligations at a time following the United States' opening disclosures. The United States instituted this action and bears the primary burden respecting defendants' liability on the claims alleged.").

Plaintiffs bear the burden of proving their case. Nothing is unusual about forcing the plaintiffs to go first in our system of justice.

2

Peter Kohn, Esq.

August 17, 2013

**WHITE & CASE**

We assume Plaintiffs and Defendants will submit any responsive expert reports by October 18 and rebuttal expert reports by November 15 consistent with the CMO.

Sincerely,

Jack E. Pace III

JEP:nr

cc: Counsel of Record

8952195

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MYLAN PHARMACEUTICALS, INC., et al.** **Plaintiff,** v. **WARNER CHILCOTT PUBLIC LIMITED COMPANY, et al.,** **Defendants.** | **Civ. No. 12-3824 CONSOLIDATED** |

## [PROPOSED] AMENDED CASE MANAGEMENT ORDER

**AND NOW**, this ____ day of October, 2013, upon consideration of Plaintiffs' motion for an extension of the case management deadlines, and Defendants' response thereto, it is hereby **ORDERED** that Parts II and VII of this Court's Case Management Order entered July 16, 2013 (CM/ECF No. 378) are hereby **AMENDED** as follows:

## II.   CASE SCHEDULE

| EVENT | ORIGINAL DATE | AMENDED DATE |
|---|---|---|
| Parties serve rebuttal expert reports | November 15, 2013 *(28 days after responses)* | December 23, 2013 *(66 days after responses)* |
| Expert depositions close | December 23, 2013 | January 23, 2014 |
| Rule 56 and Daubert motions filed | January 24, 2014 | February 24, 2014 |
| Rule 56 and Daubert oppositions filed | March 14, 2014 *(49 days after motions)* | April 14, 2014 *(49 days after motions)* |
| Rule 56 and Daubert replies filed | April 11, 2014 *(28 days after opposition)* | May 12, 2014 *(28 days after opposition)* |
| Rule 56 and Daubert motion hearing dates | TBD by the Court | TBD by the Court |

## VII.  TRIAL

A final pre-trial conference in this case will take place on July __, 2014, at 10:00 a.m. A trial in this case will take place on July ___, 2014 at 9:00 a.m.  The Court will issue an Order setting out the pretrial and trial submissions it will require.

**AND IT IS SO ORDERED.**

_____
Paul S. Diamond, J.