# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE LOESTRIN 24 FE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Actions | MDL No. 2472<br><br>Master File No.: 1:13-md-2472-S-PAS |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
TO EXCLUDE IN PART THE EXPERT OPINIONS OF CHRISTINE S. MEYER**

## TABLE OF AUTHORITIES

**Cases**

*Bristol-Myers Squibb Co. v. Teva Pharm. USA, Inc.*,
   923 F. Supp. 2d 602 (D. Del. 2013),
   aff'd, 752 F.3d 967 (Fed. Cir. 2014) ................................................................................. 1

*Bruno v. Bozzut's, Inc.*,
   311 F.R.D. 124 (M.D. Pa. 2015) ........................................................................................ 2

*Deutz Corp. v. City Light & Power, Inc.*,
   No. 1:05-CV-3113-GET, 2009 WL 2986415, at *6 (N.D. Ga. Mar. 21, 2009) .......................... 2

*Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*,
   387 F.Supp.2d 794 (N.D.Ill.2005) ..................................................................................... 2

*Tunis Bros. Co. v. Ford Motor Co.*,
   124 F.R.D. 95 (E.D. Pa. 1989) .......................................................................................... 1

*United States v. Vest*,
   116 F.3d 1179 (7th Cir.1997) ............................................................................................ 2

**Rules**

Federal Rules of Evidence 403 ................................................................................................ 1

Federal Rules of Evidence 703 ................................................................................................ 1

**MEMORANDUM**

Plaintiffs move to exclude Warner Chilcott's expert, Dr. Christine Meyer's "commercial success" opinion.[1]

In theory, an opinion about whether Loestrin 24 was commercially successful at the time of the Warner Chilcott-Watson litigation could be relevant to understanding the patent merits in that case. One way to rebut a finding that a patent is obvious is to identify so-called secondary considerations of non-obviousness (such as commercial success).[2] But Dr. Meyer's opinion is neither reliable nor helpful on this issue.

First, Dr. Meyer admits that she has "not performed an independent analysis of commercial success." Instead, she read and summarized the expert reports of two opposing experts in a later-in-time patent infringement suit between different parties (Warner Chilcott and generic company Mylan).[3] Unsurprisingly, given who pays her here, Dr. Meyer opines that Warner Chilcott's expert's approach was "generally reasonable."[4] But "[m]erely to have partisan experts appear to vouch for previous experts violates Fed.R.Evid. 403."[5] While Rule 703 liberalizes the rules on hearsay and expert testimony, "it was not intended to abolish the

---

[1] Expert Report of Christine S. Meyer, dated February 14, 2019 ("Meyer Rpt."), attached hereto as Exhibit 1; Meyer Rpt. pp. 103-112 (section XII, ¶¶ 204-225).

[2] Importantly, "secondary factors" such as commercial success are limited to rebutting a prima facie case on obviousness, and cannot overcome a finding of inequitable conduct or fraud on the PTO. *See, e.g., Bristol-Myers Squibb Co. v. Teva Pharm. USA, Inc.*, 923 F. Supp. 2d 602, 652 (D. Del. 2013), aff'd, 752 F.3d 967 (Fed. Cir. 2014) (considering evidence of "secondary considerations" with respect to obviousness inquiry, but not with respect to inequitable conduct allegations).

*Bristol-Myers Squibb Co. v. Teva Pharm. USA, Inc., 923 F. Supp. 2d 602, 652 (D. Del. 2013), aff'd, 752 F.3d 967 (Fed. Cir. 2014)*

[3] Dr. Meyer reviewed the expert reports of two opposing experts in the Warner Chilcott versus Mylan patent litigation from 2013 – Mr. Sims (who offered an opinion on behalf of Warner Chilcott) and Mr. Gleason (on behalf of Mylan).

[4] Meyer Rpt. ¶ 225.

[5] *Tunis Bros. Co. v. Ford Motor Co.*, 124 F.R.D. 95, 98 (E.D. Pa. 1989) ("It is the jury's function to determine the validity of Mr. Oxman's opinions and not to judge Dr. Kursh's opinions of Mr. Oxman's opinions.").

1

hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion."[6] Furthermore, there is the concern that "the expert's stamp of approval on a particular witness' testimony may unduly influence the jury."[7]

Second, Dr. Meyer did not even form her own opinions about the data relied on, or the analysis of that data, presented by Warner Chilcott's and Mylan's respective experts. Rather, she took those expert's "analyses and the data they relied on as a given."[8] So whatever she is doing in purporting to "evaluate" those opinions does not satisfy the rigorous standards of *Daubert*.[9]

Third, and perhaps most importantly, Dr. Meyer's opinion is irrelevant to understanding the patent merits in the *Watson* lawsuit, the patent infringement action that undergirds (some of) the purchasers' antitrust claims. The relevant question is whether Loestrin 24 was commercially successful in 2009 – at the time that Warner Chilcott and Watson were taking discovery. By the time of the expert opinions in the Mylan suit, Loestrin 24 had been on the market for an additional four years and yielded hundreds of millions of dollars more in revenue. Looking at the sales volume years after discovery closed in the Watson litigation improperly bolsters any

---

[6] *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F.Supp.2d 794, 808 (N.D.Ill.2005); s*ee also Deutz Corp. v. City Light & Power, Inc.*, No. 1:05-CV-3113-GET, 2009 WL 2986415, at *6 (N.D. Ga. Mar. 21, 2009) ("While Rule 703 permits an expert to rely on 'facts or data' that are not otherwise admissible into evidence in forming his opinion, it does not permit an expert to simply parrot the opinions of other experts.") (citation omitted).

[7] *United States v. Vest*, 116 F.3d 1179, 1185 (7th Cir.1997) (quotations omitted).

[8] Meyer Rpt. ¶ 205. *See also* ¶ 225 ("As I noted at the outset of this section, I have not undertaken my own commercial success analysis.")

[9] *See Bruno v. Bozzut's, Inc.*, 311 F.R.D. 124, 138 (M.D. Pa. 2015) ("[E]xperts who use data in their reports without independently verifying the accuracy or reliability of those figures fail to satisfy [the] reliability requirement.").

2

commercial success retort that Warner Chilcott may have had during the Watson litigation and threatens to lead the jury seriously astray.[10]

Essentially, Dr. Meyer is simply reviewing expert reports from another case – not the one at issue in this litigation – and picking which one she believes is more persuasive, which (unsurprisingly) is the one which was sponsored by Warner Chilcott. This is not the proper fodder for expert opinion. Dr. Meyer's opinions in paragraphs 204-225 of her report should be excluded.

Respectfully submitted,

Dated: May 17, 2019

/s/ Thomas M. Sobol
Thomas M. Sobol (R.I. Bar No. 5005)
Kristen A. Johnson (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com

Joseph H. Meltzer (*pro hac vice*)
Terence S. Ziegler (*pro hac vice*)
KESSLER TOPAZ MELTZER & CHECK LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
jmeltzer@ktmc.com
tziegler@ktmc.com

---

[10] Indeed, Dr. Meyer's report refers to Warner Chilcott's expert's "observations" that Loestrin sales grew year over year, such that its sales by 2012 or 2013 were far higher than they were when Warner Chilcott and Watson settled in 2009. *See* Meyer Rpt. at ¶ 212.

3

David F. Sorensen (*pro hac vice*)
Ellen T. Noteware (*pro hac vice*)
BERGER & MONTAGUE, P.C.
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
dsorensen@bm.net
enoteware@bm.net

Daniel J. Walker (*pro hac vice*)
BERGER & MONTAGUE, P.C.
2001 Pennsylvania Ave, NW, Suite 300
Washington, DC 20006
Telephone: (202) 559-9745
dwalker@bm.net

Peter R. Kohn (*pro hac vice*)
Neill W. Clark (*pro hac vice*)
FARUQI & FARUQI LLP
1617 JFK Boulevard, Suite 1550
Philadelphia, PA 19103
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
pkohn@faruqilaw.com
nclark@faruqilaw.com

*Co-Lead Counsel for the Direct Purchaser Class Plaintiffs*

Steven D. Shadowen (*pro hac vice*)
Matthew Weiner (*pro hac vice*)
HILLIARD & SHADOWEN LLP
2407 S. Congress Ave, Suite E 122
Austin, TX 78704
Telephone: (855) 344-3298
steve@hilliardshadowen.com
matt@hilliardshadowen.com

Marvin Miller (*pro hac vice*)
Lori A. Fanning (*pro hac vice*)
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: (312) 332-3400
mmiller@millerlawllc.com
lfanning@millerlawllc.com

4

Michael M. Buchman (*pro hac vice*)
Michelle C. Clerkin (*pro hac vice*)
MOTLEY RICE LLC
600 Third Ave, 21st Floor
New York, NY 10016
Telephone: (212) 577-0051
mbuchman@motleyrice.com
mclerkin@motleyrice.com

Sharon K. Robertson (*pro hac vice*)
Donna M. Evans (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
srobertson@cohenmilstein.com
devans@cohenmilstein.com

*Co-Lead Counsel for End-Payor Class Plaintiffs*

Scott E. Perwin
Lauren C. Ravkind
Anna T. Neill
KENNY NACHWALTER, P.A.
1441 Brickell Ave, Suite 1100
Miami, FL 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
sperwin@knpa.com
lravkind@knpa.com
aneill@knpa.com

Paul J. Skiermont
SKIERMONT DERBY LLP
2200 Ross Avenue, Suite 4800W
Dallas, TX 75201
Telephone: (214) 978-6600
pskiermont@skiermontderby.com

*Counsel for Plaintiffs Walgreen Co., The Kroger Co., Safeway Inc., HEB Grocery Company L.P., and Albertson's LLC*

Barry L. Refsin
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
Telephone: (215) 568-6200
brefsin@hangley.com

Monica L. Kiley
Eric L. Bloom
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
2805 Old Post Road, Suite 100
Harrisburg, PA 17110
Telephone: (717) 364-1030
mkiley@hangley.com
ebloom@hangley.com

*Counsel for Plaintiffs CVS Pharmacy, Inc., Rite Aid Corporation, and Rite Aid Hdqtrs. Corp.*

Matthew T. Oliverio
OLIVERIO & MARCACCIO LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax
mto@om-rilaw.com

*Counsel for Plaintiffs Walgreen Co., The Kroger Co., Safeway Inc., HEB Grocery Company L.P., Albertson's LLC, CVS Pharmacy, Inc., Rite Aid Corporation, and Rite Aid Hdqtrs. Corp.*

## CERTIFICATE OF SERVICE

I, Lauren Ravkind, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's CM/ECF system. Those attorneys who are registered CM/ECF users may access these filings, and notice of these filings will be sent to those parties by operation of the CM/ECF system.

Dated: May 17, 2019 /s/Lauren Ravkind
Lauren Ravkind

# EXHIBIT 1

# (FILED UNDER SEAL)