UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE: LOESTRIN 24 FE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: Direct Purchaser Actions | MDL No. 2472<br><br>Master File No. 1:13-md-2472-S-PAS |

**ORDER APPROVING THE FORM AND MANNER OF NOTICE
AND APPOINTING NOTICE ADMINISTRATOR**

On July 2, 2019, this Court allowed Direct Purchaser Class Plaintiff's Motion for Class Certification under Fed. R. Civ. P. 23(b)(3) (Dkt. No. 1050) (the "Class Certification Order").

Pursuant to the Class Certification Order, this Court certified under Fed. R. Civ. P. 23(b)(3) the below-listed class (the "Class"):

> All persons or entities in the United States and its territories who purchased brand or generic Loestrin 24 directly from Warner or Amneal at any time during the period from September 1, 2009, through and until June 3, 2015, and all persons or entities in the United States and its territories who purchased brand Minastrin 24 directly from Warner at any time during the period from September 1, 2009, through and until March 14, 2017 (the "Class Period"). Excluded from the Class are defendants, and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities. Also excluded from the class are educational institutions such as universities and colleges.

In the Class Certification Order, this Court found as follows:

1. that the Direct Purchaser Class Plaintiff satisfied the requirements of Fed. R. Civ. P. 23(a)(1), (a)(2), and (a)(3) by showing that the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, and the claims or defenses of the representative parties are typical of the claims or defenses of the class;

2. the Direct Purchaser Class Plaintiff satisfied the adequacy of representation requirements of Fed. R. Civ. P. 23(a)(4) by showing that the class representative—Ahold USA, Inc.—does not have any conflicts with other class members and by showing that class counsel is qualified and will vigorously prosecute this case;

3. the Direct Purchaser Class Plaintiff satisfied the predominance requirement of Rule 23(b)(3); and

4. Direct Purchaser Plaintiffs have now requested that the Court approve their proposed form and manner of notice to the certified class informing them of the pendency of this class action and appoint RG/2 Claims Administration as the notice administrator tasked with effectuating notice to each class member.

For the reasons set forth in the Class Certification Order, the Court hereby ORDERS that:

1. RG/2 Claims Administration is hereby appointed notice administrator for this action.

2. The form of notice to be sent to members of the Class will be substantially in the form of the revised proposed notice (the "Notice") attached as Exhibit A to the Direct Purchaser Class Plaintiffs' Notice of Filing Revised Proposed Notice to Class Members, ECF No. 1178-1, and attached to this Order as Exhibit A.

3. Within 14 days of the entry of this Order, the notice administrator shall cause the Notice to be sent by U.S. First Class mail to the members of the class listed in Exhibit 1 to the Declaration of Kristen A. Johnson filed with the Motion for Entry of an Order Approving the Form and Manner of Notice and Appointing Notice Administrator, ECF No. 1059-1.

4. Members of the Class may request exclusion from the Class postmarked no later than 35 days from the mailing of the Notice to the Class in accordance with the procedures set forth in the Notice. The notice administrator, RG/2 Claims Administration, and Lead Class Counsel shall monitor and record any and all opt-out requests that are received.

5. Within 60 days of entry of this Order, the notice administrator shall file a declaration with the Court confirming that the Notice has been sent by U.S. First Class Mail to all Class members as required herein and identifying the Class members, if any, who requested to be excluded from the Class and who meet the

requirements for a valid request for exclusion as set forth in the Notice.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date: August 14, 2019

# EXHIBIT A

| | |
|---|---|
| IN RE LOESTRIN 24 FE ANTITRUST LITIGATION | MDL No. 2472 |
| | 1:13-md-2472-S-PAS |
| THIS DOCUMENT RELATES TO:<br>**DIRECT PURCHASER ACTIONS** | NOTICE OF PENDENCY OF CLASS ACTION |

# If you purchased brand Loestrin 24 Fe directly from Warner Chilcott, or its successor entities Actavis or Allergan, or generic Loestrin 24 Fe (Lomedia 24 Fe) directly from Amneal Pharmaceuticals LLC, between September 1, 2009 and June 5, 2015; or if you purchased brand Minastrin 24 directly from Warner Chilcott, or its successor entities Actavis orAllergan, between September 1, 2009 and March 14, 2017, a class action lawsuit could affect your rights.

*This Notice is being provided by Order of the U.S. District Court.*
*It is not a solicitation from a lawyer. You are not being sued.*

Ahold USA, Inc. ("Plaintiff") has sued Warner Chilcott Company, LLC, Warner Chilcott (US) LLC, Warner Chilcott Sales (US), LLC (collectively "Warner"), and Watson Laboratories, Inc., Watson Pharmaceuticals, Inc., and Actavis, Inc. (collectively, "Watson") (together, "Defendants").[1] Plaintiff alleges that Defendants violated federal antitrust laws by unlawfully impairing the introduction of generic versions of the prescription drug Loestrin 24 Fe ("Loestrin 24") into the United States market.

Plaintiff alleges that Warner first obtained an illegal monopoly on Loestrin 24 through a patent procured by fraud on the U.S. Patent and Trademark Office. Plaintiffs allege that Warner then wrongfully listed the fraudulent patent in the FDA's "Orange Book." After generic manufacturer Watson and other potential generic competitors notified Warner that they planned to launch generic versions of Loestrin 24, Warner sued them, asserting the invalid, improperly obtained, and unenforceable patent. Plaintiffs allege that Warner and Watson later settled the baseless

---

[1] The Defendants' names and corporate relationships have changed over time due to consolidation in the pharmaceutical industry. During much of the wrongdoing alleged in this case, the interests of Warner Chilcott entities and those of Watson entities were separate. More recently, these companies have become part of the same multinational corporation, Allergan plc.

patent infringement lawsuit by entering into an illegal reverse payment agreement whereby Warner paid Watson to delay the launch of its generic Loestrin 24 product for more than four years. Plaintiffs allege that, just prior to the launch of Watson's delayed generic version of Loestrin 24 (named Lomedia 24 Fe and sold by Amneal Pharmaceuticals LLC pursuant to an agreement with Watson), Warner implemented an illegal "product hop" by withdrawing Loestrin 24 from the United States market and launching in its place Minastrin 24 Fe ("Minastrin 24"), a chewable version of Loestrin 24 that was otherwise indistinguishable and offered no additional benefit over Loestrin 24. The lawsuit claims the fraudulent procurement of the Loestrin 24 patent, the listing of that patent in the FDA's Orange Book, the assertion of that patent against generic competitors in litigation, the reverse payment agreement between Warner and Watson, and the illegal product hop by Warner injured Plaintiffs and members of a class of direct purchasers of brand and generic Loestrin 24 and branded Minastrin 24 by causing them to pay higher prices for branded and generic Loestrin 24 and branded Minastrin 24. Warner and Watson deny these claims and deny that they did anything wrong.

On July 2, 2019, Chief Judge William E. Smith of the United States District Court for the District of Rhode Island allowed this antitrust lawsuit to proceed as a class action, and certified the following class:

> All persons or entities in the United States and its territories who purchased brand or generic Loestrin 24 directly from Warner or Amneal at any time during the period from September 1, 2009, through and until June 3, 2015, and all persons or entities in the United States and its territories who purchased brand Minastrin 24 directly from Warner at any time during the period from September 1, 2009, through and until March 14, 2017 (the "Class Period"). Excluded from the Class are defendants, and their officers, directors, management, employees, subsidiaries, or affiliates, and, all federal governmental entities. Also excluded from the class are educational institutions such as universities and colleges.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING** | By doing nothing, and if you are a member of the class, then you will remain in the class and may be entitled to share in any recovery that may come from a trial or settlement with Warner and/or Watson. All of the Court's orders will apply to you and legally bind you. |

| **EXCLUDE YOURSELF FROM THE CLASS** | This is the only option that allows you to file or be part of another lawsuit against Defendants relating to the claims in this case. If you exclude yourself from the class, you will not be bound by any of the Court's orders in this case as to the claims against Warner or Watson, nor will you be entitled to participate in and benefit from a recovery in this case, if any. |
|---|---|
| **GET MORE INFORMATION** | If you would like more information about the lawsuit, you can review this notice and send questions to the lawyers identified in Question 11 below. |

**THESE RIGHTS AND OPTIONS
– AND THE DEADLINES TO EXERCISE THEM –
ARE EXPLAINED IN THIS NOTICE.**

BASIC INFORMATION..................................................................................PAGE 4

1. Why did I receive this notice?
2. What is the lawsuit about?
3. Why is this lawsuit a class action?

THE CLAIMS IN THE LAWSUIT...................................................................PAGE 5

4. Has the Court decided who is right?
5. What are Plaintiffs asking for?
6. Is there any money available now?

WHO IS IN THE CLASS..................................................................................PAGE 6

7. Am I part of this class?

YOUR RIGHTS AND OPTIONS.....................................................................PAGE 6

8. What happens if I do nothing at all?
9. Why would I ask to be excluded?
10. How do I ask the Court to exclude me from the class?

THE LAWYERS REPRESENTING YOU..........................................................PAGE 7

11. Do I have a lawyer in this case?
12. Should I get my own lawyer?
13. How will the lawyers be paid?

THE TRIAL......................................................................................................PAGE 8

14. How and when will the Court decide who is right?
15. Do I have to come to the trial?
16. Will I get money after the trial?

GETTING MORE INFORMATION................................................................PAGE 8

17. Are more details available?

# BASIC INFORMATION

| 1. | **Why did I get this notice?** |

You received this notice because, according to sales data produced by the manufacturers of brand and generic Loestrin 24 and/or brand Minastrin 24, you may have purchased branded and/or generic Loestrin 24 during the period from September 1, 2009 through June 3, 2015 and/or purchased branded Minastrin 24 during the period from September 1, 2009 through March 14, 2017, directly from Defendants. This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise. Chief Judge William E. Smith of the United States District Court for the District of Rhode Island is overseeing this class action. The lawsuit is known as *In re Loestrin 24 Fe Antitrust Litigation*, Civil Action No. 1:13-md-2472-S-PAS (D.R.I.).

| 2. | **What is this lawsuit about?** |

Plaintiff alleges that Warner and Watson violated federal antitrust laws by unlawfully impairing the introduction of generic versions of the prescription drug Loestrin 24 into the United States market.

Plaintiff alleges that Warner obtained an illegal monopoly on Loestrin 24 through a patent procured by fraud on the U.S. Patent and Trademark Office and then wrongfully listed the fraudulent patent in the FDA's "Orange Book." After generic manufacturer Watson and other potential generic competitors notified Warner that they planned to launch generic versions of Loestrin 24, Plaintiff alleges that Warner sued them asserting the invalid, improperly obtained, and unenforceable patent. Plaintiffs allege that Warner and Watson later settled the baseless patent infringement lawsuit by entering into an illegal reverse payment agreement whereby Warner paid Watson to delay the launch of its generic Loestrin 24 product for more than four years. Just prior to the launch of Watson's delayed generic version of Loestrin 24 (named Lomedia 24 Fe and sold by Amneal Pharmaceuticals LLC through an arrangement with Watson), Warner implemented an illegal "product hop" by withdrawing Loestrin 24 from the United States market and launching in its place Minastrin 24 Fe ("Minastrin 24"), a chewable version of Loestrin 24 that was otherwise indistinguishable and that offered no additional benefit over Loestrin 24.

Plaintiff claims that class members were injured as a result of the challenged conduct by paying more for branded and generic Loestrin 24 and branded Minastrin 24. A redacted public copy of Plaintiff's Third Amended Consolidated Class Action Complaint and Jury Demand, dated March 28, 2018, is available for download at www. Loestrin24AntitrustLitigation.com.

Warner and Watson deny all these allegations, including that Plaintiff or class members are entitled to damages or other relief.

The case against Warner and Watson is ongoing. There has been no determination by the Court or a jury that the allegations against Warner or Watson have been proven.

| 3. | **Why is this lawsuit a class action?** |

In a class action lawsuit, one or more persons or entities (called "plaintiffs" or "class representatives") sues on behalf of others who have similar claims. Together, they are typically called a "class" or "class members." Accordingly, entities that purchased brand or generic Loestrin 24 or brand Minastrin 24 directly from Warner or Amneal (Amneal sold generic Loestrin 24 on behalf of Watson) during the relevant time periods are considered part of a "class" or "class members." The companies that filed suit are called the plaintiffs (or class representatives). The companies that are sued, in this case Warner and Watson, are called defendants.

In a class action lawsuit, one court resolves the issues for everyone in the class, except for those class members who exclude themselves from the class. The Court, by order dated July 2, 2019 certified the class in this case. A copy of the Court's order may be found at www. Loestrin24AntitrustLitigation.com.

The Court decided that this lawsuit can proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- The number of class members is so numerous that joining them all into one suit is impractical.

- Members of the class share common legal or factual issues relating to the claims in this case.

- The claims of the class representatives are typical of the claims of the rest of the class.

- The class representatives and the lawyers representing the class will fairly and adequately protect the class's interests.

- The common legal and factual questions predominate over any questions affecting only individual members of the class, and this class action will be more efficient than individual lawsuits.

- The common legal and factual questions include:

    o   Whether Warner listed the Loestrin 24 patent in the FDA's "Orange Book" even though it could not be reasonably asserted against generics (as it was invalid and/or unenforceable due to fraud);

    o   Whether Warner wrongfully enforced the Loestrin 24 patent against potential generic competitor Watson, when a sophisticated pharmaceutical manufacturer in Warner's position would not realistically expect to succeed in proving that the generics infringed a valid patent (given that the patent was invalid and/or unenforceable due to fraud and Watson may well have been able to show non-infringement);

- Whether Warner entered into an illegal "reverse payment" agreement with Watson, whereby Warner conveyed substantial value to Watson in exchange for Watson's agreement to delay entry of its generic version of Loestrin 24;

- Whether Warner's payments to Watson were necessary to yield any cognizable and nonpretextual procompetitive benefits, and if so whether these payments were the least restrictive means of achieving such procompetitive benefits;

- Whether Defendants engaged in an anticompetitive "product hop" to Minastrin 24;

- Whether Defendants' conduct suppressed generic competition by delaying or impairing the launch of any competing generic version of Loestrin 24;

- Whether the activities of Warner and Watson have substantially affected interstate commerce;

- Whether, and to what extent, Warner's and Watson's conduct caused antitrust injury (i.e., overcharges) to direct purchasers; and

- The amount of aggregate overcharge damages to the members of the class.

# THE CLAIMS IN THIS LAWSUIT

### 4. Has the Court decided who is right?

The Court has not decided in favor of Plaintiff or Defendants with respect to the pending claims. By issuing this notice, the Court is not suggesting that Plaintiff will win or lose this case. If the claims against Warner and Watson are not resolved by a settlement or otherwise, Plaintiffs must prove their claims at trial. A jury trial date has been set by the Court for January 6, 2020.

### 5. What are Plaintiffs asking for?

Plaintiffs are seeking to recover the overcharges they claim the class suffered as a result of Warner's and Watson's anticompetitive conduct. If Plaintiffs prevail at trial, they will be entitled to triple the amount of damages that the Plaintiff is able to prove. Plaintiff also seeks attorneys' fees and litigation costs.

### 6. Is there any money available now?

No money or benefits are available now because the Court has not yet decided whether Defendants Warner or Watson did anything wrong, and Plaintiff has not settled its claims against Warner or Watson. There is no guarantee that money or benefits will ever be obtained

from Warner or Watson. If they are, class members will be notified regarding how to obtain a share.

# WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

### 7. Am I part of this case?

On June 2, 2019, a federal court allowed this antitrust lawsuit to proceed as a class action, and certified the following class:

> All persons or entities in the United States and its territories who purchased brand or generic Loestrin 24 directly from Warner or Amneal at any time during the period from September 1, 2009, through and until June 3, 2015, and all persons or entities in the United States and its territories who purchased brand Minastrin 24 directly from Warner at any time during the period from September 1, 2009, through and until March 14, 2017 (the "Class Period"). Excluded from the Class are defendants, and their officers, directors, management, employees, subsidiaries, or affiliates, and, all federal governmental entities. Also excluded from the class are educational institutions such as universities and colleges.

If you fit within the definition of the class, you will be considered a member of the class unless you timely and fully comply with the instructions for excluding yourself from the class as set forth below.

The Defendants' names and corporate relationships have changed over time due to consolidation in the pharmaceutical industry. The lawsuit alleges wrongdoing by Warner Chilcott. In 2013 Warner Chilcott became a wholly owned subsidiary of Actavis, plc. In March 2015, Actavis plc completed an acquisition of Allergan plc, and thereafter changed its corporate name to Allergan plc. During much of the wrongdoing alleged in this case, the interests of Warner Chilcott entities and those of Watson entities were separate. More recently, these companies have both become part of Allergan plc.

# YOUR RIGHTS AND OPTIONS

If you fit within the definition of the class, you have to decide whether to stay in the class or ask to be excluded before the trial, and you have to decide this now.

# IF YOU DO NOTHING

| 8. | **What happens if I do nothing at all?** |

If you fit within the definition of the class and you do nothing, then you will remain in the class. You will keep the right to a share of any recovery that may come from a trial or settlement with Warner and Watson in this litigation. You will not be able to start your own lawsuit against either Warner or Watson relating to the legal issues or claims in this case. All of the Court's orders will apply to you and legally bind you.

# EXCLUDING YOURSELF FROM THE CLASS

| 9. | **Why would I ask to be excluded?** |

If you exclude yourself from the class – also known as "opting-out" of the class – you won't get any money or benefits from this lawsuit even if Plaintiff obtains them as a result of trial or from any settlement with Defendants. If you exclude yourself, you will not be legally bound by any of the Court's orders as to the claims against Warner and Watson in this class action or any judgment or release entered in this class action.

| 10. | **How do I ask the Court to exclude me from the class?** |

What you must file to exclude yourself from the class depends on whether or not your right to recover is (i) for qualifying purchases made yourself, or (ii) for purchases that were made by another person (or entity) and you have been assigned all or some of the antitrust rights of that person (or entity).

If you made qualifying purchases yourself, or if you have been assigned <u>all</u> of the antitrust rights of a person or entity that made qualifying purchases, and wish to be excluded from the class, you must send a letter via first class U.S. mail to the notice administrator listed in Question 17 below stating that you want to exclude yourself from the Lawsuit, *In Re Loestrin 24 Fe Antitrust Litigation*, C.A. No. 1:13-md-2472 (D.R.I.). This letter should include your name, address, telephone number, and your signature and **must** be postmarked no later than **[35 DAYS FROM DATE OF MAILING OF NOTICE]**. If you have been assigned <u>all</u> of the antitrust rights of a person or entity that would have otherwise been a member of the class, to be excluded, you must also provide a copy of the assignment of claims. Note: If you have previously produced the assignment in this litigation (either as a party who previously filed an action asserting the assigned claim or as a non-party), you may direct the notice administrator to the location of the assignment in the discovery.

If you are a partial assignee (i.e., if the entity that assigned antitrust claims to you retained some portion of its antitrust claims and remains a class member), and wish to be excluded from

the class, you must send a letter via first class U.S. mail to the notice administrator listed in Question 17 below stating that you want to exclude yourself from the Lawsuit, *In Re Loestrin 24 Fe Antitrust Litigation*, C.A. No. 1:13-md-2472 (D.R.I.), and provide (a) a copy of the assignment of claims, and (b) data identifying the purchases you made from your assignor that you contend define the scope of the assigned claims. The required assignment and data **must** be postmarked no later than **[35 DAYS FROM DATE OF MAILING OF NOTICE]**. Note: If you have previously produced the assignment and the data in this litigation (either as a party who previously filed an action asserting the assigned claim or as a non-party), you may direct the notice administrator to the location of the assignment and data in the discovery. Please also be advised that seeking to opt out has a number of legal consequences and you should consult with your own counsel. Any dispute concerning whether your request to be excluded meets the criteria stated above will be resolved by the Court.

## THE LAWYERS REPRESENTING YOU

**11. Do I have a lawyer in this case?**

The Court appointed four law firms to serve as counsel to represent you and all class members. Their contact information is as follows:

| | |
|---|---|
| Thomas M. Sobol | David F. Sorensen |
| Kristen Johnson | Ellen T. Noteware |
| HAGENS BERMAN SOBOL SHAPIRO LLP | BERGER MONTAGUE PC |
| 55 Cambridge Parkway, Suite 301 | 1818 Market Street, Suite 3600 |
| Cambridge, MA 02142 | Philadelphia, PA 19103 |
| Telephone: (617) 482-3700 | Telephone: (215) 875-3000 |
| Facsimile: (617) 482-3003 | Facsimile: (215) 875-4604 |
| | |
| Joseph H. Meltzer | Peter R. Kohn |
| Terence S. Ziegler | David C. Calvello |
| KESSLER TOPAZ MELTZER & CHECK LLP | FARUQI & FARUQI LLP |
| 280 King of Prussia Road | 1617 JFK Boulevard, Suite 1550 |
| Radnor, PA 19087 | Philadelphia, PA 19103 |
| Telephone: (610) 667-7706 | Telephone: (215) 277-5770 |
| Facsimile: (610) 667-7056 | Facsimile: (215) 277-5771 |

**12. Should I get my own lawyer?**

You do not need to hire your own lawyer if you remain in the class because the lawyers appointed by the Court are working on your behalf. You may hire a lawyer and enter an appearance through your lawyer at your own expense if you so desire.

| 13. | **How will the lawyers be paid?** |

If class counsel achieves a recovery for the class, the Court will be asked to approve reasonable fees and expenses for the lawyers who worked on the case and reimbursement for the litigation expenses they have advanced on behalf of the class. If the Court grants class counsel's requests, fees and expenses would either be deducted from any money obtained for the class or paid separately by Defendants. Members of the class will not have to pay any attorneys' fees or expenses.

## THE TRIAL

| 14. | **How and when will the Court decide who is right?** |

If the claims against Defendants are not resolved by a settlement or otherwise, class counsel will have to prove Plaintiffs' claims at trial. A jury trial is scheduled for January 6, 2020. During the trial, a jury will hear evidence about whether or not Plaintiffs are right about the claims in the lawsuit. There is no guarantee that Plaintiffs will win, or that Plaintiffs will get any money for the class. Any judgment will be binding on all class members who have not opted out, regardless of who wins.

| 15. | **Do I have to come to the trial?** |

No, you do not need to attend the trial. Class counsel will present the case for Plaintiff and the class, and counsel for Defendants Warner and Watson will present the defenses. You and/or your own lawyer are welcome to attend the trial at your own expense.

| 16. | **Will I get money after the trial?** |

If Plaintiff obtains money or benefits as a result of the trial or a settlement, you will be notified about how to participate. We do not know if or when this will occur or how long this will take.

## GETTING MORE INFORMATION

| 17. | **How do I get more information?** |

For more detailed information about this litigation, please refer to the papers on file in this litigation, which may be inspected at the Office of the Clerk, United States District Court for the District of Rhode Island, United States Courthouse, 1 Exchange Place, Providence, Rhode Island 02903 during regular business hours of each business day. You may also get additional information by calling or writing to class counsel as indicated above, or by visiting www.

Loestrin24AntitrustLitigation.com, or by writing to the Notice Administrator, RG/2 claims Administration, at the following address:

>RG/2 Claims Administration
>P.O. Box 59479
>Philadelphia, PA 19102-9479

**PLEASE DO NOT WRITE TO OR CALL THE COURT OR THE CLERK'S OFFICE FOR INFORMATION. INSTEAD, PLEASE DIRECT ANY INQUIRIES TO ANY OF THE CLASS COUNSEL LISTED ABOVE.**

By the Court:

*/s/ William E. Smith*

William E. Smith
Chief Judge
Date: August 14, 2019