Case 1:13-md-02472-WES-PAS   Document 1278   Filed 10/23/19   Page 1 of 11 PageID
Case 1:13-md-02472-WES-PAS   Document 1072-15   Filed 07/15/19   Page 1 of 12 PageID #:
191128

# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE LOESTRIN 24 FE ANTITRUST LITIGATION | MDL No. 2472 |
| THIS DOCUMENT RELATES TO: | Master File No. 1:13-md-2472-WES-PAS |
| All End-Payor Actions | |

### [PROPOSED] ORDER PRELIMINARILY APPROVING END-PAYOR PLAINTIFFS' SETTLEMENT WITH LUPIN PHARMACEUTICALS INC. AND LUPIN LIMITED

WHEREAS, on May 2, 2019, End-Payor Plaintiffs, A.F. of L. – A.G.C. Building Trades Welfare Plan, Allied Services Division Welfare Fund, City of Providence, Rhode Island, Electrical Workers 242 and 294 Health & Welfare Fund, Fraternal Order of Police, Fort Lauderdale Lodge 31, Insurance Trust Fund, Laborers International Union of North America, Local 35 Health Care Fund, Painters District Council No. 30 Health & Welfare Fund, Teamsters Local 237 Welfare Benefits Fund, United Food and Commercial Workers Local 1776 & Participating Employers Health and Welfare Fund, Denise Loy, and Mary Alexander ("EPPs"), on behalf of themselves and the proposed End-Payor Class for purposes of the Lupin Settlement (the "EPP Class") and Defendants Lupin Limited and Lupin Pharmaceuticals, Inc. (together, the "Lupin Defendants"), entered into a settlement agreement (the "Lupin Settlement"), which sets forth the terms and conditions of the parties' proposed settlement and the release and dismissal with prejudice of EPPs' claims against the Lupin Defendants;

WHEREAS, on July 15, 2019, EPPs filed a Motion for Preliminary Approval of Proposed Class Action Settlement with the Lupin Defendants ("EPPs' Motion"), requesting the entry of an Order: (i) preliminarily approving the Lupin Settlement; (ii) certifying the EPP Class for purposes of the Lupin Settlement pursuant to Fed. R. Civ. P. 23; (iii) staying EPPs' litigation against the Lupin Defendants; (iv) approving the Notice Plan and Long and Short Form Notices (Buchman Decl. Exs. 6 (Ex. A thereto), 7 and 8, respectively) and appointing A.B. Data, Ltd. as the claims administrator; (v) setting a schedule for Final Approval of the Lupin Settlement, which includes deferring implementation and dissemination of notice until a date following a final pre-trial ruling on EPPs' pending class certification motion; (vi) approving an escrow agent; (vii) designating the named Plaintiffs as Class Representatives for the EPP Class; and (viii) designating Motley Rice LLC, Miller Law LLC, Hilliard & Shadowen LLP, and Cohen Milstein Sellers & Toll PLLC as Co-Lead Class Counsel and Motley Rice LLC as Liaison Counsel for purposes of the Lupin Settlement. Copies of the Lupin Settlement and exhibits thereto are attached as Exhibit 1 to the Declaration of Michael M. Buchman in support of EPPs' Motion;

WHEREAS, the Lupin Defendants do not oppose EPPs' request;

WHEREAS, the Court is familiar with and has reviewed the record in this case and has reviewed the Lupin Settlement, including the attached exhibits, and has found good cause for entering the following Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**Certification of the Proposed EPP Class for Purposes of the Lupin Settlement**

The Court makes the following determinations as required by Rule 23 solely in connection with the proposed Settlement:

1. Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the EPP Class is defined as follows:

    All persons or entities in the United States and its territories who indirectly purchased, paid and/or provided reimbursement for some or all

of the purchase price for Loestrin 24 Fe and/or its AB-rated generic equivalents in any form, and/or Minastrin 24 Fe and/or its AB-rated generic equivalents in any form, for consumption by themselves, their families, or their members, employees, insureds, participants, or beneficiaries (the "Class" or the "End-Payor Class"), other than for resale, during the period September 1, 2009 through and until May 2, 2019 (the "Class Period"). For purposes of the Class definition, persons or entities "purchased" Loestrin 24 Fe, Minastrin 24 Fe, or their generic equivalents if they indirectly purchased, paid and/or reimbursed for some or all of the purchase price.

The following persons or entities are excluded from the proposed Class:

a. Defendants and their officers, directors, management, employees, subsidiaries, or affiliates;

b. All federal or state governmental entities, excluding cities, towns or municipalities with self-funded prescription drug plans;

c. All persons or entities who purchased Loestrin 24 Fe or its AB-rated generic equivalent, and/or Minastrin 24 Fe or its AB-rated generic equivalent, for purposes of resale or directly from Defendants or their affiliates;

d. Fully insured health plans (i.e., Plans that purchased insurance from another third-party payor covering 100% of the Plan's reimbursement obligations to its members);

e. Any "flat co-pay" consumers whose purchases were paid in part by a third-party payor and whose co-payment was the same regardless of the retail purchase price;

f. Any "brand loyalist" consumers or third-party payors who purchased Loestrin 24 Fe and who did not purchase any AB-rated generic equivalent after such generics became available; and

g. The judges in this case and any members of their immediate families.

2.   The EPP Class has thousands of members geographically dispersed throughout the United States and its territories. Pursuant to Rule 23(a)(1), the Court determines that the EPP Class is so numerous that joinder of all members is impracticable.

3.   Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Court determines that, in connection with and solely for purposes of settlement, the following issues relating to claims (expressed in summary fashion) and/or defenses posed by Defendants present common, class-wide questions:

        a.       Whether the conduct challenged by EPPs as anticompetitive in EPPs' Second Amended Consolidated Class Action Complaint (ECF No. 165) ("CAC") constitutes an unlawful restraint of trade and monopolization and violates state antitrust, consumer protection, and unjust enrichment law;

        b.       Whether the challenged conduct substantially affected interstate commerce and caused antitrust injury-in-fact to the EPP Class, in the nature of overcharges paid indirectly by the EPP Class for brand or generic Loestrin 24 Fe and Minastrin 24 Fe, including because of an inability to substitute less expensive generic versions for more expensive brand versions; and

        c.       The amount of overcharge damages, if any, owed to the EPP Class in the aggregate.

The Court finds and determines that the foregoing class-wide issues relating to claims and/or defenses are questions of law or fact common to the EPP Class that satisfy Rule 23(a)(2).

    4.       The EPPs[1] are hereby appointed as representatives of the EPP Class, for the following reasons:

        a.       The EPPs allege on behalf of the EPP Class the same manner of injury from the same course of conduct that they complain of, and the EPPs assert on their own behalf the same legal theory that they assert for the EPP Class. The Court, therefore, finds and determines that the EPPs' claims are typical of the claims of the proposed EPP Class within the meaning of Rule 23(a)(3); and

---

[1] A.F. of L. – A.G.C. Building Trades Welfare Plan, Allied Services Division Welfare Fund, City of Providence, Rhode Island, Electrical Workers 242 and 294 Health & Welfare Fund, Fraternal Order of Police, Fort Lauderdale Lodge 31, Insurance Trust Fund, Laborers International Union of North America, Local 35 Health Care Fund, Painters District Council No. 30 Health & Welfare Fund, Teamsters Local 237 Welfare Benefits Fund, United Food and Commercial Workers Local 1776 & Participating Employers Health and Welfare Fund, Denise Loy, and Mary Alexander.

b. Pursuant to Rule 23(a)(4), the Court finds and determines, in connection with and solely for purposes of settlement, that the EPPs will fairly and adequately protect the interests of the EPP Class. The EPPs' interests in connection with settlement do not conflict with the interests of absent members of the EPP Class. All of the members of the EPP Class share a common interest in proving the Defendants' alleged anti-competitive conduct, and all members of the EPP Class share a common interest in recovering the overcharge damages sought in the CAC. Counsel for EPPs are well-qualified to represent the EPP Class in this case, given their experience in prior cases and the vigor with which they have prosecuted this action thus far.

5. Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members of the EPP Class. The class-wide claims alleged by the EPP Class, the defenses asserted by Defendants, the issues in this action that are subject to generalized proof, which are thus applicable to the EPP Class as a whole, predominate over those issues that are subject only to individualized proof. *See Amgen, Inc. v. Conn. Retirement Plans and Trust Funds*, 568 U.S. 455, 468-69 (2013); *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, No. 14-md-02503, 2017 WL 4621777, at *6 (D. Mass. Oct. 16, 2017) ("In antitrust actions, 'predominance is a test readily met.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 624 (1997)).

6. Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the EPP Class in a single action. The Court also believes that there are few, if any, manageability problems presented by this case, particularly in light of the Lupin Settlement preliminarily approved in this Order.

5

Case 1:13-md-02472-WES-PAS   Document 1278   Filed 10/23/19   Page 6 of 11 PageID
Case 1:13-md-02472-WES-PAS   Document 1222   Filed 07/15/19   Page 6 of 12 PageID #:
191133

7. Pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g), the Court, having considered the factors provided in Rule 23(g)(1)(A), hereby appoints the following counsel as Co-Lead Counsel and Liaison Counsel for the EPP Class ("Plaintiffs' Co-Lead Class Counsel") consistent with the Court's Order dated February 14, 2014 (ECF No. 85), and the duties and responsibilities described in that Order:

Michael M. Buchman
MOTLEY RICE LLC
777 Third Avenue, 27th Floor
New York, NY 10017
Tel: (212) 577-0040
Email: mbuchman@motleyrice.com

Steve D. Shadowen
HILLIARD & SHADOWEN LLP
2407 S. Congress Ave., Ste. E 122
Austin, TX 78704
Tel: (855) 344-3298
Email: steve@hilliardshadowenlaw.com

Marvin A. Miller
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Tel: (312) 332-3400
Email: mmiller@millerlawllc.com

Sharon K. Robertson
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 838-7797
Email: srobertson@cohenmilstein.com

    Co-Lead Counsel for the EPP Class

Donald A. Migliori
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9000
Email: dmigliori@motleyrice.com

    Liaison Counsel for the EPP Class

Case 1:13-md-02472-WES-PAS   Document 1278   Filed 10/23/19   Page 7 of 11 PageID
Case 1:13-md-02472-WES-PAS   Document 2072-1   Filed 07/15/19   Page 7 of 12 PageID #:
191134

## JURISDICTION

8. This Court has jurisdiction to enter this Order. The Court has jurisdiction over the subject matter of this action and over all parties to the action, including all members of the EPP Class.

## APPROVAL OF SETTLEMENT

9. The terms of the Lupin Settlement, dated May 2, 2019, including all exhibits thereto, are hereby preliminarily approved. This Order incorporates the Lupin Settlement, and terms used in this Order that are defined in the Lupin Settlement have the same meanings. The Lupin Settlement was entered into after arm's-length negotiations by experienced counsel on behalf of the EPP Class. The Court preliminarily finds that the Lupin Settlement is fair, reasonable and adequate, and in the best interests of the EPP Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and warrants preliminary approval.

10. Bank Leumi USA is hereby appointed as Escrow Agent pursuant to the Lupin Settlement.

11. Pending further Order of the Court, all litigation activity against the Lupin Defendants on behalf of EPPs is hereby stayed and all hearings, deadlines, and other proceedings related to EPPs' claims against the Lupin Defendants, other than those incident to the settlement process, are hereby taken off calendar. The stay shall remain in effect until such time that either: (i) the Lupin Defendants or EPPs exercise their right to terminate the Lupin Settlement pursuant to its terms; or (ii) the Court renders a final decision regarding approval of the Lupin Settlement, and, if it approves the Lupin Settlement, enters final judgment and dismisses EPPs' claims against the Lupin Defendants with prejudice. The Lupin Defendants shall not be a party to the ongoing proceedings in this case, and the Lupin Defendants are neither bound nor estopped by any findings made hereafter.

12. In the event that the Lupin Settlement fails to become effective in accordance with its terms, or if an Order granting final approval to the Lupin Settlement and dismissing EPPs' claims against the Lupin Defendants with prejudice is not entered or is reversed, vacated, or materially modified on appeal, this Order shall be null and void.

13. In the event the Lupin Settlement is terminated, not approved by the Court, or the Lupin Settlement does not become final pursuant to the terms of the Lupin Settlement, litigation against the Lupin Defendants shall resume in a reasonable manner as approved by the Court upon joint application of EPPs and the Lupin Defendants.

14. Nothing herein shall be deemed an admission by the Lupin Defendants of any wrongdoing or any unlawful conduct, and nothing herein shall be deemed to constitute a waiver by the Lupin Defendants of any right to contest, should the litigation resume against the Lupin Defendants, EPPs' allegations. Moreover, nothing herein shall be deemed to constitute a waiver by the Lupin Defendants of any right to contest, should the litigation resume against the Lupin Defendants, that EPPs cannot satisfy the requirements of Federal Rule of Civil Procedure 23 for purposes of this Action.

15. The Court retains exclusive jurisdiction to consider all further matters arising out of or connected with the Settlement Agreement.

## APPROVAL OF NOTICE PLAN

16. EPPs' proposed Notice Plan, as outlined in the Memorandum of Law in Support of EPPs' Motion and the accompanying Declaration of Linda V. Young (Buchman Decl. Ex. 6) complies with Federal Rule of Civil Procedure 23(e) and due process and is otherwise fair and reasonable. EPPs' Notice Plan is hereby approved.

17. A.B. Data, Ltd. is hereby appointed as Notice Administrator.

Case 1:13-md-02472-WES-PAS   Document 1278   Filed 10/23/19   Page 9 of 11 PageID
Case 1:13-md-02472-WES-PAS   Document 1072-3   Filed 07/15/19   Page 9 of 12 PageID #:
#: 20723
191136

18.     The Long and Short Forms of Notice, copies of which are attached to the Declaration of Michael M. Buchman, are approved.

19.     Implementation and dissemination of Notice to the EPP Class shall be deferred until a date after a final pre-trial ruling on EPPs' pending class certification motion. At that time, the Court will set a schedule for subsequent events relating to Notice, objections, exclusions from the EPP Class, and for a Fairness Hearing.

## APPROVAL OF SCHEDULE

20.     A.B. Data, Ltd. and EPPs shall adhere to the following schedule:

   a.   Within 21 days of a final ruling on EPPs' pending class certification motion, A.B. Data, Ltd. shall commence Notice of the Lupin Settlement to the EPP Class.

   b.   Potential members of the EPP Class may request exclusion from the EPP Class no later than 45 days before the date set for the Fairness Hearing.

   c.   EPP Class members who wish to object with respect to the proposed Settlement and/or appear in person at the Fairness Hearing must first send an objection and, if intending to appear, a notice of intention to appear, along with a summary statement outlining the position(s) to be asserted and the grounds therefore, together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the U.S. District Court for the District of Rhode Island, Federal Building and Courthouse, One Exchange Terrace, Providence, RI 02903, with copies to the following counsel:

   Counsel for the EPP Class:

Michael M. Buchman
MOTLEY RICE LLC
777 Third Avenue, 27th Floor
New York, NY 10017
Tel: (212) 577-0040
Email: mbuchman@motleyrice.com

Counsel for the Lupin Defendants:

Leiv Blad
Lowenstein Sandler LLP
2200 Pennsylvania Ave, NW
Washington, D.C. 20037
Email: lblad@lowenstein.com

The objection and/or notice of intention to appear shall state that they relate to *In re Loestrin 24 Fe Antitrust Litigation*, MDL No. 2472 (D.R.I.). To be valid, any such objection to the Lupin Settlement and/or notice of intention to appear must be postmarked no later than 45 days before the date set for the Fairness Hearing, and it must include the class member's name, address, telephone number, and signature. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement. All persons and entities who fail to file a notice of intention to appear or a letter stating reasons for objecting as provided above shall be deemed to have waived any objections by appeal, collateral attack, or otherwise and will not be heard at the Fairness Hearing.

    a.    All briefs and materials in support of final approval of the Settlement and entry of the final judgment proposed by the parties to the Lupin Settlement shall be filed with the Court no later than 30 days before the date of the Fairness Hearing.

    b.    A hearing on final approval of the settlement (the "Fairness Hearing") shall be held before this Court on 1/29/2020, (a date at least 110 days after a final pre-trial ruling on EPPs' pending class certification motion), at 3:00 PM Eastern Time, in the U.S. District Court for the District of Rhode Island, Federal Building and Courthouse, One Exchange Terrace, Providence, RI 02903.

21.    Neither this Order nor the Lupin Settlement, nor any other Settlement-related document, anything contained herein or therein, or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Lupin Settlement or herein,

10

Case 1:13-md-02472-WES-PAS    Document 1278    Filed 10/23/19    Page 11 of 11 PageID
Case 1:13-md-02472-WES-PAS   Document 1207225 Filed 07/15/19   Page 11 of 12 PageID #:
191138

or in any other Settlement-related document shall constitute, be construed as or be deemed to be evidence of, or an admission or concession by, the Lupin Defendants as to the validity of any claim that has been or could have been asserted against the Lupin Defendants or as to any liability of the Lupin Defendants or as to any matter set forth in this Order.

SO ORDERED:

Dated: 10/23/19, 2019

_____
William E. Smith
Chief Judge
U.S. District Court for the District of Rhode Island