UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE: LOESTRIN 24 FE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Actions | MDL No. 2472<br><br>Master File No. 1:13-md-2472 WES |

**ORDER ON PENDING MOTIONS IN LIMINE**

WILLIAM E. SMITH, District Judge.

Plaintiffs' Omnibus Motion in Limine, ECF No. 1301, is GRANTED IN PART AND DENIED IN PART, as follows:[1]

- Plaintiffs' Motion in Limine No. 2 is GRANTED IN PART AND DENIED IN PART. It is GRANTED to the extent that Defendants attempt to have the jury decide a legal issue. It is DENIED to the extent Plaintiffs attempt to hide their identities. The Court intends to explain to the jury the identity of the parties and that the various retailers are litigating pursuant to assignments. With respect to the validity of the assignments, the Court is unclear why this issue is being raised only now, on the eve of trial, if, as Defendants say, it implicates the threshold issue of standing. Moreover, it appears that this may be a question of law and not a fact issue for the jury. Therefore, the Court will defer ruling

---

[1] This set of rulings does not address all pending motions. Further rulings will be issued in due course.

on the issue for now and it will not be part of Phase 1 of the trial. If Plaintiffs prevail in Phase 1, the Court will take the issue up in Phase 2 and/or 3, if at all.

- Plaintiffs' Motion in Limine No. 3 is GRANTED IN PART AND DENIED IN PART. It is DENIED as moot in light of the ruling on Plaintiffs' Motion in Limine No. 2. It is GRANTED to the extent that Defendants may seek to introduce evidence of absent class members to relitigate class certification issues or to disparage Plaintiffs' claims by arguing the absence of other class members suggests their claims lack merit. However, as noted in the Court's other rulings, the Court intends to explain to the jury who the parties are, and some evidence of the structure of the pharmaceutical industry may necessarily involve discussion of who the large wholesalers are.

- Plaintiffs' Motion in Limine No. 6 is DENIED as moot in light of the Court's ruling on Plaintiffs' Motion in Limine No. 2. Generally, the term "Purchasers" may be a useful shorthand, but the Court intends to explain who is who to the jury at the onset of trial.

- Plaintiffs' Motion in Limine No. 8 is GRANTED IN PART AND DENIED IN PART as follows. Generally, the parties should refer to the drugs at issue as Loestrin 24, brand Loestrin 24, generic Loestrin 24, Minastrin 24, brand Minastrin 24,

and generic Minastrin 24.  Use of pejorative terms will not be permitted; however, occasional use of terms like "innovation" and "copycat" are not problematic in the proper context.

- Plaintiffs' Motion in Limine No. 9 is DENIED as moot.

- With respect to Plaintiffs' Motion in Limine No. 10, the Court defers ruling on this motion until it reviews the deposition designations.  Generally, the Court prefers to show testimony all at once, even if it exceeds the scope of direct.  If the Court thinks the "outside the scope" testimony will confuse or distract the jury, it may require that it be played during Defendants' case.

- Plaintiffs' Motion in Limine No. 11 is GRANTED IN PART AND DENIED IN PART.  It is GRANTED to the extent that Defendants may seek to introduce inadmissible character evidence (which Defendants say they do not intend to do); it is DENIED to the extent that Defendants intend to introduce evidence regarding the general business and structure of the company and industry to provide context to the jury.  However, consistent with the Court's forthcoming ruling on market power, evidence of sunk costs, while generally permissible for context, will not be permitted for the purpose of disproving market power.

- The Court takes Plaintiffs' Motion in Limine No. 12 to be a motion seeking to prevent jury nullification.  To that extent,

it is provisionally GRANTED. However, testimony that generally addresses innovation and the financial structure of the pharmaceutical market is permissible to put the whole case in context, so this is not to be taken as a blanket prohibition.

- Plaintiffs' Motion in Limine No. 13 is GRANTED IN PART AND DENIED IN PART. It is DENIED to the extent it seeks to preclude testimony offered to provide context and background. It is GRANTED as it relates to the Court's market power and sunk costs holding. (See forthcoming summary judgment ruling)

- Plaintiffs' Motion in Limine No. 14 is GRANTED IN PART AND DENIED IN PART. It is GRANTED to the extent it deals with pejorative labels or character attacks. It is DENIED to the extent it is intended to preclude proper use of contrary positions taken in prior litigation as suggested by defense counsel.

- Plaintiffs' Motion in Limine No. 15 is DENIED as moot in light of Defendants' representations.

- Plaintiffs' Motion in Limine No. 16 is DENIED as moot in light of the ruling on Plaintiffs' Motion in Limine No. 2.

- Plaintiffs' Motion in Limine No. 17 is DENIED. The Court addresses this motion in ruling on Plaintiffs' Motion to

Exclude in Part the Expert Opinions of Christine Meyer, Ph.D. and Philip Green That Authorized Generics Were Facing Legal Uncertainty, ECF No. 901.

- Plaintiffs' Motion in Limine No. 18 is GRANTED IN PART AND DENIED IN PART. Pejorative terms will not be allowed; however, testimony regarding the potential risk involved in an "at-risk" launch will be allowed in proper context.

- Plaintiffs' Motion in Limine No. 19 is DENIED. Defendants are permitted to introduce evidence of business reasons for settlement, including the broad spectrum of costs and expenses associated with litigation. However, the jury will be instructed, as directed by Actavis, that settlement to avoid the specific risk of a finding of patent invalidity may be anticompetitive. It will be for the jury to decide, based on all of the evidence, whether the reasons for the settlement are justified by legitimate considerations and are not anticompetitive, on balance, under the rule of reason.

- Plaintiffs' Motion in Limine No. 20 is DENIED. The jury will evaluate the size and justifications for the settlement in its factual context, including the business reasons for it. The jury will decide whether the payments are justified by legitimate considerations under the rule of reason.

- Plaintiffs' Motion in Limine No. 21 is DENIED. Defendants may introduce evidence that the agreements were submitted to

the FTC and DOJ and that no action was taken. Defendants have stated that they do not intend to argue, nor will they be permitted to argue, that the agreements were approved by these agencies. However, the fact that they were submitted is relevant to Defendants' state of mind. Any concerns regarding a government "stamp of approval" can be addressed with an appropriate instruction to the jury.

- Pursuant to Rule 403, Plaintiffs' Motion in Limine No. 23 is GRANTED. Due to the purpose for which Defendants seek to introduce Mr. Johnson's testimony, the risk of undue prejudice is too great, and the Court does not believe an instruction can cure it. See Emhart Indus., Inc. v. Home Ins. Co., 515 F. Supp. 2d 228, 266 (D.R.I. 2007), aff'd sub nom. Emhart Indus., Inc. v. Century Indem. Co., 559 F.3d 57 (1st Cir. 2009), as amended on denial of reh'g and reh'g en banc (Apr. 17, 2009).

- Plaintiffs' Motion in Limine No. 24 is DENIED. It is appropriate for the negotiators to explain their objectives and limitations in the negotiations that led to an agreement. The issues and concerns raised by Plaintiffs may be addressed on cross-examination.

- Plaintiffs' Motion in Limine No. 25 is DENIED. Testimony regarding entry of the generic as "early" in reference to the patent expiration date is permissible because it is a fair

6

characterization of the agreement and allows Defendants to argue that the agreements were procompetitive. Plaintiffs may, of course, contest both the characterization of "early" and whether it was procompetitive or anticompetitive with their experts, and through cross-examination.

- Plaintiffs' Motion in Limine No. 26 is DENIED. The concerns raised regarding "exclusivity" can be handled on cross-examination.

- Plaintiffs' Motion in Limine No. 29 is GRANTED IN PART AND DENIED IN PART. Defendants' experts may reference the entry of Loestrin 24 generics for context, but they may not testify that the fact of generic entry disproves any anticompetitive effect.

- Plaintiffs' Motion in Limine No. 30 is DENIED. While the witnesses will not be instructing the jury on the law, there is no harm in the witness placing his or her opinion in the legal context in which it applies. Of course, Plaintiffs may cross examine the witness on whether his or her understanding of the law is correct – and the Court intends to instruct the jury that the Court provides instructions on the law.

The Court will allow these witnesses (Drs. Meyer and Schilling) to address the issue of innovation both generally and within the pharmaceutical industry, provided a proper

7

foundation is laid, and that such opinions are disclosed in their reports, as a matter of setting context for the jury. However, broad sweeping comments regarding what the law and policy is or should be will not be allowed. If counsel attempt to elicit testimony that crosses this line, it will be stricken, and the jury will be instructed accordingly. To the extent that counsel intend to pose questions that describe what the law is, they should be very careful to use pre-approved statements of that law, or they risk being corrected in front of the jury.

- Plaintiffs' Motion in Limine No. 31 is DENIED. However, counsel will need to lay a proper foundation for any testimony from Dr. Robbins regarding industry practices.

- Plaintiffs' Motion in Limine No. 32 is DENIED. There are no special rules for pharmaceutical cases. Examples from other industries are relevant to explain Defendants' innovation argument. Plaintiffs may address on cross-examination why other industries may be different.

- Plaintiffs' Motion in Limine No. 33 is DENIED. Consistent with the Court's rulings above, witnesses may testify regarding whether innovation and changes are procompetitive. Plaintiffs may deal with the issues raised in this motion on cross-examination.

- Plaintiffs' Motion in Limine No. 34 is DENIED. Provided a proper foundation is laid, Defendants' witnesses may testify that the discontinued manufacture of Loestrin 24 and the introduction of Minastrin 24 increased patient compliance. This may be used to rebut the claim of anticompetitive effect or be evidence of procompetitive effect.

- Plaintiffs' Motion in Limine No. 35 is DENIED. The finding of the FDA is relevant as to the therapeutic change in the product. It is not hearsay, because it is offered not for its truth about chewability, but to show that it was approved in the normal course. The jury will decide whether the introduction of Minastrin 24 and discontinued manufacture of Loestrin 24 was coercive, consistent with prior holdings of the Court in its decision on summary judgment.

- Plaintiffs' Motion in Limine No. 37 is DENIED. While there may be some overlap in these witnesses' testimony, they are largely complimentary and not duplicative. The Court's time limits will serve as a disincentive to unnecessary and duplicative testimony; the parties will have to police themselves with the chess clock.

- Plaintiffs' Motion in Limine No. 41 is DENIED.

- The Court reserves ruling on any motions not ruled on above.

Defendants' Motions in Limine:

- Defendants' Motion in Limine No. 1, ECF No. 1279, is GRANTED. Plaintiffs shall refrain from using any pejorative terms to describe the allegedly improper reverse payments. This includes terms like "payoff" or "kickback" or the like. Use of pejorative terms (by either side) intended to inflame the jury will be met with strong corrective directives and cautionary instructions to the jury.

- Based on Plaintiffs' response, Defendants' Motion in Limine No. 2, ECF No. 1280, is DENIED as moot. The Court expects that the "other agreements" referenced by the parties may well be introduced to provide context or for other purposes, but these also must of course be relevant to the issues before the jury.

- Defendants' Motion in Limine No. 3, ECF No. 1281, is DENIED as moot in light of Plaintiffs' response. In the event Plaintiffs believe Defendants have "opened the door" to the use of this evidence on cross-examination, counsel must ask to approach the bench to discuss and must reference the Court's directive regarding this motion.

- Defendants' Motion in Limine No. 4, ECF No. 1282, is DENIED. The evidence may be introduced to show what a rational pharmaceutical company would have done in the but-for world.

- Defendants' Motion in Limine No. 7, ECF No. 1285, is GRANTED IN PART AND DENIED IN PART. Witnesses may discuss policies and issues regarding the structure of the pharmaceutical industry and the policy behind certain laws (e.g., the Hatch-Waxman Act or laws affording patent protection to inventors) in order to give context to the jury. But they may not argue or opine to the jury that this case may be a vehicle for eradicating any policy, goal, or outcome. Any attempt to do so will be met with the appropriate instruction to the jury.
- Defendants' Motion in Limine No. 8, ECF No. 1286, is GRANTED IN PART AND DENIED IN PART. Evidence of Warner Chilcott's practices with respect to other pharmaceuticals, such as those at issue in Namenda, may be introduced to show a pattern or business practice. This evidence may include, for example, the change or innovation that is claimed by Warner Chilcott, as well as the number of switches that occurred. However, no evidence of litigation related to these switches may be introduced.
- Defendants' Motion in Limine No. 9, ECF No. 1287, is DENIED. The holding of the District Court in the Mylan litigation regarding claim construction and breakthrough bleeding is not binding on this Court. However, the holding may be introduced as evidence, along with other evidence regarding the ´394

patent, and the jury may give it whatever weight it deems appropriate.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
District Judge
Date: December 6, 2019