UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE: LOESTRIN 24 FE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>Direct Purchaser Actions | MDL No. 2472<br><br>Master File No. 1:13-md-2472-WES-PAS |

**[PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' AMENDED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, APPROVAL OF THE FORM AND MANNER OF NOTICE TO THE CLASS, AND SETTING THE FINAL SETTLEMENT SCHEDULE AND DATE FOR A FAIRNESS HEARING**

Upon review and consideration of the Settlement Agreement between Direct Purchaser Plaintiff Ahold USA, Inc. ("Ahold" or "Direct Purchaser") and defendants Warner Chilcott[1] and Watson Laboratories, Inc. (collectively, "the Defendants"), related Warner Chilcott and Watson entities,[2] and parent entity Allergan, plc, dated January 14, 2020, and Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Proposed Settlement, Approval of the Form and Manner of Notice to the Class, and Setting the Final Settlement Schedule and Date for a Fairness Hearing, and their Memorandum of Law in Support thereof, and the Declaration of Thomas M. Sobol in Support thereof and the attached Exhibits, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

### Jurisdiction

1.  This Court has subject matter jurisdiction over this case and has jurisdiction over this action, the representative class plaintiff Ahold, and defendants Warner Chilcott and Watson.

---

[1] Warner Chilcott Co., LLC f/k/a Warner Chilcott Co., Inc.; Warner Chilcott (US), LLC; and Warner Chilcott Sales (US), LLC (together and individually, "Warner Chilcott").

[2] Warner Chilcott plc n/k/a Allergan WC Ireland Holdings Ltd.; Warner Chilcott Holdings Co. III, Ltd.; Warner Chilcott Corp.; Warner Chilcott Laboratories Ireland Limited; and Watson Pharmaceuticals, Inc.

### Previously Certified Class

2.    In light of this Court's previous Order dated July 2, 2019[3] certifying the Direct Purchaser Plaintiff Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the exclusion notices received during the opt-out period established by the Order, and the now proposed Settlement Agreement in this Action, the Direct Purchaser Class is defined as follows:

> All persons or entities in the United States and its territories who purchased brand or generic Loestrin 24 directly from Warner [Chilcott] or Amneal at any time during the period from September 1, 2009, through and until June 3, 2015, and all persons or entities in the United States and its territories who purchased brand Minastrin 24 directly from Warner at any time during the period from September 1, 2009, through and until March 14, 2017 (the "Class Period").
>
> Excluded from the Class are defendants, and their officers, directors, management, employees, subsidiaries, or affiliates, and, all federal governmental entities. Also excluded from the class are educational institutions such as universities and colleges.
>
> Also excluded from the Class are the following entities who have independently filed actions and previously opted out of the Class: Walgreen Co., The Kroger Co., Safeway Inc., HEB Grocery Company L.P., Albertson's LLC, CVS Pharmacy, Inc., Rite Aid Corporation, and Rite Aid Hdqtrs. Corp.

3.    The Court also previously appointed Ahold as the Direct Purchaser Class representative and the following law firms as Co-Lead Counsel for the Direct Purchaser Class pursuant to Federal Rule of Civil Procedure 23(g): Faruqi & Faruqi LLP, Berger Montague PC, Hagens Berman Sobol Shapiro LLP, and Kessler Topaz Meltzer & Check LLP.

### Preliminary Approval of the Proposed Settlement

4.    Federal Rule of Civil Procedure 23(e) provides that a proposed settlement in a class action must be approved by the Court. "[T]he approval of a settlement agreement is a two-

---

[3] *In re Loestrin 24 Fe Antitrust Litig.*, No. 13-md-2472, 2019 WL 3214257 (D.R.I. July 2, 2019) (filed at ECF No. 1050).

2

step process, which first requires the court to make a preliminary determination regarding the fairness, reasonableness, and adequacy of the settlement terms. It is only after the second step, a fairness hearing has taken place, however, that the court may approve the settlement agreement."[4] There is a "presumption that the settlement is within the range of reasonableness when certain procedural guidelines have been followed."[5] These guidelines are as follows: "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected."[6] The proposed Settlement satisfies this standard.

5. Upon review of the record, the Court preliminarily finds that the proposed Settlement, which includes a cash payment of $120,000,000.00 in escrow funds for the benefit of the Direct Purchaser Class (the "Settlement Fund") in exchange for, *inter alia*, dismissal of the litigation with prejudice and defined releases of claims by Ahold and the Direct Purchaser Class as set forth in the Settlement Agreement, is sufficiently fair, reasonable, and adequate, in the best interests of the members of the Direct Purchaser Class, within a range that responsible and highly experienced counsel could accept considering all relevant risks and factors of litigation, and arrived at by arm's-length negotiations.

6. The Court further preliminarily finds that it is fair and in the best interest of the Direct Purchaser Class to provide a service award out of the Settlement Fund not to exceed $100,000 for class representative Ahold and allow Co-Lead Counsel to use the Settlement Funds to pay attorneys' fees as well as costs and expenses incurred by counsel in an amount to be

---

[4] *Hochstadt v. Boston Scientific Corp.*, 708 F. Supp. 2d 95, 97 n.1 (D. Mass. 2010) (citing Federal Judicial Center, *Manual for Complex Litigation* § 13.14 (4th ed. 2004)).

[5] *In re M3 Power Razor Sys. Mktg. & Sales Practices Litig.*, 270 F.R.D. 45, 62 (D. Mass. 2010).

[6] *In re Lupron Mktg. & Sales Practices Litig.*, 345 F. Supp. 2d 135, 137 (D. Mass. 2004).

3

determined and approved by the Court in accordance with the schedule for final approval of the Settlement set forth herein.

### Approval of the Plan of Notice to the Direct Purchaser Class

7.  The proposed form of Notice to Direct Purchaser Class members of the proposed Settlement of this action ("Settlement Notice") and the proposed method of dissemination of the Settlement Notice by first class mail satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process, are otherwise fair and reasonable, and therefore are approved. No later than 14 days following the entry of this Order, Co-Lead Counsel shall cause the Settlement Notice substantially in the form attached as Exhibit 4 to the Declaration of Thomas M. Sobol to be disseminated via first class mail to the last known address of each member of the Class as defined herein. Co-Lead Counsel shall also cause the Settlement Notice to be posted on the internet at www.Loestrin24AntitrustLitigation.com.

8.  Direct Purchaser Class members may object to the Settlement no later than 35 days from the date on the Settlement Notice. Co-Lead Counsel or their designee shall monitor and record any and all objections that are received.

9.  The Court finds that because prior notice of class certification, disseminated by first class mail to all Class members on or about August 28, 2019, satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, and because the prior notice of class certification provided an opt-out period that closed on October 2, 2019, there is no need for an additional opt-out period pursuant to Federal Rule of Civil Procedure 23(e)(4).[7]

---

[7] *See, e.g.*, Prelim. Approval Order at 4, *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, No. 14-md-2503 (D. Mass. Mar. 12, 2018), ECF No. 1095 (holding there is "no need for an additional opt-out period"); Prelim. Approval Order at 1, *In re Carbon Black Antitrust Litig.*, No. 03-cv-10191 (D. Mass. Nov. 29, 2006), ECF No. 297 (preliminarily approving settlement and explaining that "[i]n light of the previous notice to class members of the pendency of this action and the certification of the class, which complied fully with the requirements of Rule 23 and due process, there is no need for an additional opt-out opportunity pursuant to Rule 23(e)[(4)]").

10. Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Defendants shall serve notices as required under CAFA within ten (10) days from the date the Direct Purchaser filed for preliminary approval of the settlement.

11. The Court appoints RG/2 Claims Administration LLC ("RG/2") as Settlement Administrator to assist in disseminating the Settlement Notice to the Direct Purchaser Class and, if the Settlement is approved, administration of the distribution of the Settlement Funds to members of the Direct Purchaser Class. Tina Chiango of RG/2 has submitted a declaration setting forth RG/2's qualifications, attached as Exhibit 10 to the Declaration of Thomas M. Sobol. All expenses incurred by the Settlement Administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund, although Court approval shall not be required for disbursements or distributions of such expenses for amounts (in the aggregate) of less than $75,000 as set forth in the Settlement Agreement.

12. The Court appoints The Huntington National Bank to serve as Escrow Agent for the purpose of administering the escrow account holding the Settlement Funds. All expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable from the Settlement Funds, although Court approval shall not be required for disbursements or distributions of such expenses for amounts (in the aggregate) of less than $75,000. A copy of the Escrow Agreement to be executed by The Huntington National Bank and Co-Lead Counsel is attached as Exhibit 7 to the Declaration of Thomas M. Sobol.

**Final Fairness Hearing**

13. A hearing on final approval of the settlements (the "Fairness Hearing") shall be held before this Court on __August 27__, 2020 [a date no earlier than 100 days after the date of the filing of Direct Purchasers' Motion for Preliminary Approval of the Proposed

5

Settlement], at  10 a.m.  Eastern Time, in Courtroom _____ of the United States District Court for the District of Rhode Island, 1 Exchange Terrace, Providence, RI 02903. At the Fairness Hearing, the Court will consider, *inter alia*, (a) the fairness, reasonableness, and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve Direct Purchaser Class counsel's application of attorney's fees and reimbursement of costs and expenses; (c) whether a service award out of the Settlement Fund should be awarded to Ahold, who served and continues to serve as class representative; and (d) whether entry of a final judgment terminating Direct Purchaser Class's litigation against Defendants should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Direct Purchaser Class counsel shall be responsible for communicating any such notice promptly to the Direct Purchaser Class by posting conspicuous notice on the settlement website: www. Loestrin24AntitrustLitigation.com.

14. All briefs and materials in support of Direct Purchaser Class counsel's application for fees, reimbursement of costs and expenses (as well as expenses to be incurred in finalizing the Settlement and disbursing payments to the Class), and a service award to Ahold shall be filed with the Court no later than 14 days after the date on the Notice to the Class. All such briefs and materials shall also be made available on the settlement website: www. Loestrin24AntitrustLitigation.com.

15. Direct Purchaser Class members who wish to object to the proposed Settlement and/or appear in person at the Fairness Hearing must first send an objection and, if intending to appear, a notice of intention to appear, along with a summary statement outlining the position(s) to be asserted and the grounds therefore, together with copies of any supporting papers or briefs,

via first class mail, postage prepaid, to the Clerk of the U.S. District Court for the District of Rhode Island, 1 Exchange Terrace, Providence, RI 02903, with copies to the following counsel:

On behalf of the Direct Purchaser Class:

>Thomas M. Sobol
>Kristen A. Johnson
>HAGENS BERMAN SOBOL SHAPIRO LLP
>55 Cambridge Parkway, Suite 301
>Cambridge MA 02142
>Telephone: 617-482-3700
>Facsimile: 617-482-3003
>tom@hbsslaw.com
>kristen@hbsslaw.com
>
>Joseph H. Meltzer
>KESSLER TOPAZ MELTZER &CHECK LLP
>280 King of Prussia Road
>Radnor, PA 19087
>Telephone: (610) 667-7706
>Facsimile: (610) 667-7056
>jmeltzer@ktmc.com
>
>David F. Sorensen
>BERGER MONTAGUE PC
>1818 Market Street, Suite 3600
>Philadelphia, PA 19103
>Telephone: (215) 875-3000
>Facsimile: (215) 875-4604
>dsorensen@bm.net
>
>Peter R. Kohn
>FARUQI & FARUQI LLP
>1617 JFK Boulevard, Suite 1550
>Philadelphia, PA 19103
>Telephone: (215) 277-5770
>Facsimile: (215) 277-5771
>pkohn@faruqilaw.com

On behalf of Defendants:

>Peter J. Carney
>WHITE & CASE LLP
>701 Thirteenth Street, NW
>Washington, DC 20005-3807
>Telephone: (202) 626-3600

7

          Facsimile: (202) 639-9355
          pcarney@whitecase.com

The objection and/or notice of intention to appear shall state that they relate to *In re Loestrin 24 Fe Antitrust Litigation*, 1:13-md-2472-WES-PAS (D.R.I.). To be valid, any such objection and/or notice of intention to appear must be postmarked within 35 days of the date the Settlement Notice is mailed to the Direct Purchaser Class and it must include the Direct Purchaser Class member's name, address, telephone number, and signature. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement. All persons and entities who fail to file a notice of intention to appear or a letter stating reasons for objecting as provided above shall be deemed to have waived any objections by appeal, collateral attack, or otherwise and will not be heard at the Fairness Hearing.

      16.     All briefs and materials in support of final approval of the Settlement and entry of the final judgment proposed by the parties to the Settlement Agreement shall be filed with the Court no later than 14 days before the final Fairness Hearing set in this Order.

      17.     All proceedings pursuant to the Direct Purchaser Class's Complaint against Defendants are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters final judgment and dismisses the action against Defendants with prejudice.

      18.     In the event that the Settlement does not become final pursuant to Paragraph 5 of the Settlement Agreement, the parties will revert to their litigation positions *ex ante,* without prejudice to their rights, claims, or defenses and the litigation of the Direct Purchaser Class's action against Defendants will resume in a reasonable manner to be approved by the Court upon joint application by the Direct Purchaser Class and Defendants.

19.    In the event the Settlement Agreement and the Settlement is terminated in accordance with the provisions of the Settlement Agreement, (a) the Settlement Agreement, the Settlement, and all related proceedings shall, except as expressly provided to the contrary in that Settlement Agreement, become null and void and have no further force and effect; (b) the Direct Purchaser Class shall retain full rights to assert any and all causes of action against Defendants and any other party that would have been a released party had the Settlement Agreement not been terminated; and (c) Defendants and any other parties that would have been released parties had the Settlement Agreement not been terminated shall retain any and all defenses and counterclaims hereto. These actions shall hereupon revert forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed by the Direct Purchaser Class.

20.    Neither this Order nor the Settlement Agreement nor any other Settlement-related document or anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by Defendants as to the validity of any claim that has been or could have been asserted against Defendants or as to any liability of Defendants or as to any matter set forth in this Order.

SO ORDERED this ___23rd___ day of ___March_____, 2020.

_____
Hon. William E. Smith
U.S. District Court for the District of Rhode Island

9