# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE LOESTRIN 24 FE ANTITRUST LITIGATION | MDL No. 2472 |
| | Master File No. 1:13-md-2472-S-PAS |
| THIS DOCUMENT RELATES TO: | |
| All End-Payor and Third-Party Payor Actions | |

**[PROPOSED] ORDER GRANTING END-PAYOR PLAINTIFFS' UNOPPOSED MOTION FOR MODIFICATION OF THE FORM AND MANNER OF NOTICE TO THE LUPIN SETTLEMENT CLASS AND THE THIRD-PARTY PAYORS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED WARNER CHILCOTT SETTLEMENT, APPROVAL OF THE FORM AND MANNER OF NOTICE TO THE CLASSES, AND TO SET A SCHEDULE FOR A <u>FAIRNESS HEARING</u>**

Upon review and consideration of the End-Payor and the Third-Party Payor Plaintiffs' Unopposed Motions outlined above and the accompanying documents, and any hearing thereon, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said motion is GRANTED as follows:

### <u>Jurisdiction</u>

1.  This Court has jurisdiction over each of the named Plaintiffs, City of Providence, A.F. of L. – A.G.C. Building Trades Welfare Plan, Allied Services Division Welfare Fund, Electrical Workers 242 and 294 Health & Welfare Fund, Fraternal Order of Police, Fort Lauderdale Lodge 31, Insurance Trust Fund, Laborers International Union of North America, Local 35 Health Care Fund, Painters District Council No. 30 Health & Welfare Fund, Teamsters Local 237 Welfare Benefits Fund, United Food and Commercial Workers Local 1776 & Participating Employers Health and Welfare Fund ("TPP Plaintiffs," "named

Plaintiffs," or "Plaintiffs"), Defendants Warner Chilcott[1] and Watson Laboratories, Inc., related Warner Chilcott and Watson entities,[2] and parent entity Allergan plc (collectively the "Warner Chilcott Defendants"), and Lupin Limited and Lupin Pharmaceuticals, Inc. ("Lupin Defendants").

2.      This Order hereby incorporates by reference the definitions in the Settlement Agreement between the TPP Class and the Warner Chilcott Defendants (the "Warner Chilcott Settlement"), and in the Settlement Agreement between the proposed End-Payor Class and Lupin Defendants (the "Lupin Settlement"). All capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreements.

### Preliminary Approval of the Proposed Warner Chilcott Settlement

3.      A court may approve a class action settlement if it is "fair, adequate, and reasonable." Fed. R. Civ. P. 23(e)(2).  At the preliminary approval stage, "[i]f the parties negotiated at arm's length and conducted sufficient discovery, the district court must presume the settlement is reasonable." *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 32-33 (1st Cir. 2009). The proposed settlement satisfies this standard.

4.      The Court finds that the proposed Warner Chilcott settlement, which includes a cash payment of $62,500,000 by the Warner Chilcott Defendants into an escrow account for the benefit of the Class (the "Settlement Fund") in exchange for, *inter alia*, dismissal of the litigation between TPP Class Plaintiffs and the Warner Chilcott Defendants, including the dismissal of all claims with prejudice and the release of certain claims filed or that could have been filed against the Warner Chilcott Defendants by TPP Class Plaintiffs and the Class, as set

---

[1] Warner Chilcott Co., LLC f/k/a Warner Chilcott Co., Inc.; Warner Chilcott (US), LLC; and Warner Chilcott Sales (US), LLC.

[2] Warner Chilcott plc n/k/a Allergan WC Ireland Holdings Ltd.; Warner Chilcott Holdings Co. III, Ltd.; Warner Chilcott Corp.; Warner Chilcott Laboratories Ireland Limited; Warner Chilcott Limited; and Watson Pharmaceuticals, Inc.

forth in the Settlement Agreement, was arrived at by arm's-length negotiations by highly experienced counsel after years of litigation, falls within the range of possibly approvable settlements, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

### Approval of the Plan of Notice to the End-Payor and TPP Classes and the Plan of Allocation

5.      The proposed form of Notice to members of the End-Payor and TPP Classes of the pendency of this Class Action and the proposed Settlements satisfy the requirements of Rule 23(e) and due process, are otherwise fair and reasonable, and are, therefore, approved. Class Counsel shall cause the Notice in connection with the Lupin and Warner Chilcott Settlements substantially in the form attached to the Declaration of Linda V. Young, dated February 3, 2020, to be disseminated, commencing by _____, 2020, (5 days after Preliminary Approval) *via* first-class mail to those 40,000 members of the TPP Class who can reasonably and economically be identified, publication, email and through public medium as set forth in the Notice Plan.

6.      Members of the proposed End-Payor Class can request exclusion (consumer members only) or object (consumer and TPP members) to the Lupin Settlement no later than _____, 2020 (90 days after Preliminary Approval). Consumers are *not* included in the Warner Chilcott Settlement.  TPP Class members were previously provided notice, and can no longer request exclusion from the TPP Class.  However, they can object to the Warner Chilcott Settlement not later than _____, 2020 (90 days after Preliminary Approval).  The date for members of both the End-Payor Class and the TPP class to file a claim is _____, 2020 (180 days after Preliminary Approval).

7.      Pursuant to the Class Action Fairness Act of 2005 ("CAFA") the Warner Chilcott Defendants shall serve notices as required under CAFA within 10 days from the date

Plaintiffs file the Settlement Documents with the Court. Defendants shall contemporaneously provide Class Counsel with copies of any such notices.

8.      The Court appoints A.B. Data, Ltd. to serve as claims administrator and to assist Class Counsel in disseminating the Notice. All expenses incurred by the Claims Administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

9.      The Court appoints Bank Leumi USA to serve as Escrow Agent pursuant to the terms of the Escrow Agreement for the purpose of administering the escrow account holding the Settlement Fund. Except as the parties have agreed in the Escrow Agreement, all expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

10.      The proposed Plan of Allocation satisfies the requirements of Rule 23(e), is otherwise fair and reasonable, and is, therefore, approved.

## Final Fairness Hearing

11.      A hearing on final approval (the "Fairness Hearing") shall be held before this Court at _____10:00_____ o'clock on _____August 27_____, 2020, (120 days after Preliminary Approval) at the United States District Court for the District of Rhode Island, Federal Building and Courthouse, One Exchange Terrace, Providence, Rhode Island. At the Fairness Hearing, the Court will consider, *inter alia*: (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve the proposed plan of distribution of the Settlement Fund among TPP Class members; (c) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to Class Counsel; (d) whether incentive awards should be awarded to the Named Plaintiffs; (e) whether a Final Order and Judgment terminating the litigation between the End-

Payor Class and the Lupin Defendants should be entered; and (f) whether a Final Order and Judgment terminating the litigation between the TPP Class and the Warner Chilcott Defendants should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Class Counsel shall be responsible for communicating any such notice promptly to the Classes by posting a conspicuous notice on the following website of the Claims Administrator: InreLoestrin24FeAntitrustLitigation.com.

12.      Class members who are eligible and wish to: (a) object with respect to the proposed Settlements; and/or (b) appear in person at the Fairness Hearing, must first send an Objection and, if intending to appear, a Notice of Intention to Appear, along with a Summary Statement outlining the position(s) to be asserted and the grounds therefore together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the District of Rhode Island, with copies to the following counsel:

*On Behalf of End-Payor Class*

Michael M. Buchman
Motley Rice LLC
777 Third Avenue, 27th Floor
New York, NY 10017
Tel: (212) 577-0040
mbuchman@motleyrice.com

Marvin A. Miller
Miller Law LLC
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Tel: (312) 332-3400
mmiller@millerlawllc.com

Steven Shadowen
Hilliard & Shadowen LLP
2407 S Congress Avenue, Ste E 122
Austin, TX 78704

Tel: (855) 344-3928
steve@hilliardshadowenlaw.com

*On behalf of Defendants:*

Peter J. Carney
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Tel: 202-626-3600
pcarney@whitecase.com

To be valid, any such Objection and/or Notice of Intention to Appear and Summary statement must be postmarked no later than _____, 2020 (90 days after Preliminary Approval). Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlements. All persons and entities who fail to file an Objection and/or Notice of Intention to Appear as well as a Summary Statement as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

13.     All briefs and materials in support of the final approval of the Settlements, the application for an award of attorneys' fees (for the Warner Chilcott Settlement), reimbursement of expenses, award of incentive payments to the named Plaintiffs, and the entry of Final Order and Judgment proposed by the parties to the Settlement Agreements shall be filed with the Court by _____, 2020 (14 days prior to the Fairness Hearing).

14.     All proceedings in the action between the End-Payor Class Plaintiffs and Defendants are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if the Court approves the Settlement, enters Final Order and Judgment and dismisses such actions with prejudice.

15.     Neither this Order, nor the Settlement Agreements, nor any other Settlement related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement

Agreements or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Defendants as to the validity of any claim that has been or could have been asserted by the End-Payor Class or the TPP Class against Defendants or as to any liability by Defendants as to any matter set forth in this Order, or as to whether any class, in this case or others, may be certified for purposes of litigation and trial.

     So ordered.

Dated at Providence, Rhode Island, this ___23 rd___ day of ___March_____, 2020.

 

_____
Hon. William E. Smith
United States District Judge
District of Rhode Island