# COHENMILSTEIN

Sharon K. Robertson
srobertson@cohenmilstein.com

July 13, 2020

**VIA ECF**

The Honorable Patricia A. Sullivan, USMJ
U.S. District Court for the District of Rhode Island
Federal Building and Courthouse
One Exchange Terrace
Providence, Rhode Island 02903

      Re:    *In re Loestrin 24 Fe Antitrust Litig.*,
             MDL No. 2472; Master File No. 1:13-md-2472-WES-PAS (D.R.I.)

Dear Judge Sullivan:

      I write on behalf of Co-Lead Counsel for the End-Payor Class to follow up on the Court's request, during today's teleconference, for clarification regarding how expenses and service awards will be allocated between the Lupin and Warner Chilcott Settlements.

      With respect to service awards, the $5,000 award to each of the two Consumer Named Plaintiffs will be paid out of the Lupin Settlement, while the $10,000 award to each of the nine Third-Party Payor ("TPP") Class Representatives will be paid out of the Warner Chilcott Settlement.[1]

      With respect to expenses, the notice to the Settlement Class informed consumers that, due to the expenses incurred in connection with litigating the case and the cost of issuing notice, there will likely not be a distribution to them.[2] The Lupin Settlement provides for the payment of

---

[1] *See also* ECF No. 1437 at 35-6 ("End-Payors request service awards of $10,000 to each of the nine TPP Class Representatives in connection with the Warner Chilcott Settlement and of $5,000 to both of the Consumer Named Plaintiffs in connection with the Lupin Settlement.").

[2] *See* https://inreloestrin24feantitrustlitigation.com/documents/Loestrin%20Long%20Form%

COHENMILSTEIN

The Honorable Patricia A. Sullivan, USMJ
July 13, 2020
Page 2

$1,000,000. To allocate expenses to the Lupin Settlement, we determined the litigation expenses incurred at the time the Lupin Settlement was achieved—that amount being $2,345,018. Applying 30.03%[3]—the consumers' *pro rata* share of damages as determined by our damages expert—the litigation expenses allocable to consumers is approximately $704,209. Since a robust publication notice program was necessary to reach the consumer portion of the Lupin Settlement Class, a significant portion of the $354,000 notice cost is directly attributable to consumers. Therefore, the entire $1,000,000 Lupin Settlement Fund, for efficiency, should pour over into the Warner Chilcott Settlement Fund and be utilized to pay incentive awards and reimburse expenses.

Publication notice to the consumer portion of the Lupin Settlement Class began on March 28, 2020.[4] The deadline for consumers to opt-out or object to the Lupin Settlement was June 22, 2020. The deadline for TPPs to object to the Lupin or Warner Chilcott Settlements was likewise June 22, 2020. As of the date of this letter, Counsel have not received any objections or opt-out requests as to either Settlement.

We are available at the Court's convenience to answer any additional questions.

Sincerely,

*/s/ Sharon K. Robertson*

Sharon K. Robertson

cc:   Counsel of Record (via ECF)

---

20Notice%20(3).pdf at 7.

[3] During the hearing, Counsel inadvertently represented that the consumer share was 30.09 percent.

[4] *See* Order, ECF No. 1427 (March 23, 2020) at ¶ 5 (requiring publication notice to commence 5 days after Preliminary Approval).