UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE: LOESTRIN 24 FE ANTITRUST LITIGATION, | MDL No. 2472 |
| THIS DOCUMENT RELATES TO: Direct Purchaser Actions | Master File No. 1:13-md-2472-WES-PAS |

**ADVISORY WITH RESPECT TO
REPORT AND RECOMMENDATION REGARDING DIRECT PURCHASER CLASS
MOTION FOR APPROVAL OF ATTORNEYS' FEES, EXPENSES AND A SERVICE
AWARD**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On July 17, 2020, I issued a report and recommendation ("R+R") recommending that the Court approve, *inter alia*:

> Attorneys' fees for DPP Counsel of $38,678,147, which amounts to one-third of the Settlement Fund remaining after the payment of costs and expenses, plus interest on that amount as may accrue prior to distribution.

ECF No. 1443 at 14. My recommendation rested on the percentage method of fee calculation and my finding that "one-third . . . is fair, reasonable and appropriate." Id. at 12. To cross-check this finding, I examined the Direct Purchaser Class Counsel's lodestar; in reliance on various cases cited in the R+R, I found that a fee that is four or more times larger than the lodestar should be closely scrutinized, but "when the fee is less than double the lodestar, . . . a one-third-of-fund fee may be endorsed as reasonable." Id. at 11 (citing In re Lidoderm Antitrust Litig., No. 14-MD-02521-WHO, 2018 WL 4620695, at *1, 3 (N.D. Cal. Sept. 20, 2018)).  Based on the foregoing, I found that the applicable lodestar confirmed that the requested fee, which was 1.3% of the lodestar, "is eminently reasonable." Id. at 13.

On July 31, 2020, by a phone call, confirmed in a sealed filing on August 3, 2020, I was advised by Direct Purchaser Class Counsel that they have become aware that an attorney whose work was included in confidential time and expense submissions supporting the lodestar had been administratively suspended for nonregistration. I was further advised that, if this attorney's work were excluded from the lodestar, the lodestar would shrink, so that the applicable multiplier grows from 1.3% to 1.4%.

Based on this new information, I have reviewed the analysis in the R+R. Because it relied on the percentage method of calculation and used the lodestar only as a cross-check, and because I found that a multiplier that was less than double the lodestar would be deemed reasonable under the circumstances of this case, I find that the new information does not affect my analysis or conclusions. Therefore, my R+R stands as my recommendation to the Court. However, mindful of my obligations pursuant to Canon 3B(6), of the Code of Conduct for United State Judges, to take action when learning of possible violations of the applicable rules of conduct, I will bring this matter to the attention of the Court pursuant to DRI LR Gen 201(a).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 4, 2020