**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| IN RE LOESTRIN 24 FE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All End-Payor Actions | MDL No. 2472<br><br>Master File No.<br>1:13-md-2472-WES-PAS |

**ORDER GRANTING END-PAYOR PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT AND ORDER OF DISMISSAL OF ALL END-PAYOR CLASS CLAIMS WITH PREJUDICE AS TO DEFENDANTS LUPIN LIMITED AND LUPIN PHARMACEUTICALS, INC.**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in accordance with the terms of the Settlement Agreement between Defendants Lupin Limited and Lupin Pharmaceuticals, Inc. (together, the "Lupin Defendants"), and End-Payor Class Plaintiffs' Co-Lead Counsel ("EPP Class Counsel") acting pursuant to the Court's Order, dated November 8, 2013 (Dkt. No. 10), on behalf of Plaintiffs City of Providence, A.F. of L. - A.G.C. Building Trades Welfare Plan, Allied Services Division Welfare Fund, Electrical Workers 242 and 294 Health & Welfare Fund, Fraternal Order of Police, Fort Lauderdale Lodge 31, Insurance Trust Fund, Laborers International Union of North America, Local 35 Health Care Fund, Painters District Council No. 30 Health & Welfare Fund, Teamsters Local 237 Welfare Benefits Fund, United Food and Commercial Workers Local 1776 & Participating Employers Health and Welfare Fund, Denise Loy, and Mary Alexander (collectively, "EPPs") and on behalf of the certified Class ("EPP Class") defined in Dkt. No. 1278 (the "EPP Action"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Final Order and Judgment of Dismissal hereby incorporates by reference the definitions in the Settlement Agreement among Lupin Defendants, EPPs, and the EPP Class, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2. On October 23, 2019, this Court certified an EPP Class, solely for purposes of the Lupin Settlement, consisting of:

> All persons or entities in the United States and its territories who indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price for Loestrin 24 Fe and/or its AB-rated generic equivalents in any form, and/or Minastrin 24 Fe and/or its AB-rated generic equivalents in any form, for consumption by themselves, their families, or their members, employees, insureds, participants, or beneficiaries (the "Class" or the "End-Payor Class"), other than for resale, during the period September 1, 2009 through and until May 2, 2019 (the "Class Period"). For purposes of the Class definition, persons or entities "purchased" Loestrin 24 Fe, Minastrin 24 Fe, or their generic equivalents if they indirectly purchased, paid and/or reimbursed for some or all of the purchase price.
>
> The following persons or entities are excluded from the proposed Class:
>
> a. Defendants and their officers, directors, management, employees, subsidiaries, or affiliates;
>
> b. All federal or state governmental entities, excluding cities, towns or municipalities with self-funded prescription drug plans;
>
> c. All persons or entities who purchased Loestrin 24 Fe or its AB-rated generic equivalent, and/or Minastrin 24 Fe or its AB-rated generic equivalent, for purposes of resale or directly from Defendants or their affiliates;
>
> d. Fully insured health plans (i.e., Plans that purchased insurance from another third-party payor covering 100% of the Plan's reimbursement obligations to its members);
>
> e. Any "flat co-pay" consumers whose purchases were paid in part by a third-party payor and whose co-payment was the same regardless of the retail purchase price;
>
> f. Any "brand loyalist" consumers or third-party payors who purchased Loestrin 24 Fe and who did not purchase any AB-rated generic equivalent after such generics became available; and

   g. The judges in this case and any members of their immediate families.

  3. The named EPPs for the foregoing EPP Class (the "Class Representatives") include: Plaintiffs City of Providence, A.F. of L. - A.G.C. Building Trades Welfare Plan, Allied Services Division Welfare Fund, Electrical Workers 242 and 294 Health & Welfare Fund, Fraternal Order of Police, Fort Lauderdale Lodge 31, Insurance Trust Fund, Laborers International Union of North America, Local 35 Health Care Fund, Painters District Council No. 30 Health & Welfare Fund, Teamsters Local 237 Welfare Benefits Fund, United Food and Commercial Workers Local 1776 & Participating Employers Health and Welfare Fund, Denise Loy, and Mary Alexander. The Court has found that EPP Class Counsel and the other EPP Counsel of record have fairly and adequately represented the interests of the EPP Class and satisfied the requirements of Fed. R. Civ. P. 23(g).

  4. The Court has jurisdiction over this action, each of the parties, and all members of the EPP Class for all manifestations of this case, including the Settlement Agreement.

  5. The Notice disseminated to the certified EPP Class constituted the best notice practicable under the circumstances, including that because of the costs of expenses incurred to prosecute the case and cost of notice, there may not be funds available for distribution to members of the EPP Class. As recommended by Magistrate Judge Sullivan, 30.03% of the costs for prosecuting the case and the cost of notice were allocated to consumers. That sum effectively consumed the $1,000,000 Lupin Settlement Fund so that no distribution could be made to consumers per the Plan of Allocation.

  6. In making the determination that Notice disseminated to the certified EPP Class constituted the best notice practicable, the Court finds that the Notice provided individual notice to all members of the EPP Class which were identified through reasonable efforts. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court

hereby finds that the Notice provided EPP Class members due and adequate notice of the Settlement, the Settlement Agreement, these proceedings, and the rights of Class members to object to the Settlement.

7. Due and adequate notice of the proceedings having been given to the EPP Class and a full opportunity having been offered to the EPP Class to participate in the August 27, 2020 Fairness Hearing, it is hereby determined that all EPP Class members are bound by this Final Order and Judgment.

8. The Settlement of this Action was not the product of collusion between the EPP Class and Lupin Defendants or their respective counsel, but rather was the result of *bona fide* and arm's-length negotiations conducted in good faith between EPP Class Counsel and counsel for Lupin Defendants.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, and finds that the Settlement is, in all respects, fair, reasonable and adequate to EPP Class members. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

10. The Court hereby approves the Plan of Allocation of the Settlement Fund as proposed by EPP Class Counsel (the "Plan of Allocation"), which was summarized in the Notice of Proposed Settlement and is attached to EPP Class Plaintiffs' Motion for Final Approval of Settlement, and directs A.B. Data, Ltd., the firm retained by EPP Class Counsel as the Claims Administrator, to distribute the net Settlement Fund as provided in the Plan of Allocation.

11. All claims against Lupin Defendants in *In re Loestrin 24 Fe Antitrust Litigation*, Master File No. 1:13-md-2472-WES-PAS (D.R.I.) including by those members of the EPP Class who have not timely excluded themselves from the EPP Class, are hereby dismissed with prejudice and without costs.

12. Upon the Settlement Agreement becoming final in accordance with paragraph 7 of the Settlement Agreement, EPPs and the EPP Class unconditionally, fully and finally release and forever discharge Lupin Defendants, any past, present and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, officers, directors, management, supervisory boards, insurers, general or limited partners, employees, agents, trustees, associates, attorneys and any of their legal representatives, or any other representatives thereof (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") from the EPP Action, including from any and all manner of claims, rights, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, including costs, expenses, penalties and attorneys' fees, accrued in whole or in part, in law or equity, that EPPs or any member or members of the EPP Class (including any of their past, present, or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors, successors and assigns, acting in their capacity as such) (the "Releasors"), whether or not they object to the Settlement, ever had, now has, or hereafter can, shall or may have, indirectly, representatively, derivatively or in any other capacity, arising out of or relating in any way to any claim under federal or state laws that was alleged or could have been alleged in the EPP Action, prior to the date of the Settlement, including but not limited to:

a. the alleged delayed entry of generic Loestrin 24 Fe;

b. conduct with respect to the procurement, maintenance and enforcement of United States Patent Number 5,552,394; and

c. the sale, marketing or distribution of Loestrin 24 Fe or generic Loestrin 24 Fe except as provided for in paragraph 15 of the Lupin Settlement Agreement (the "Released Claims").

13. Releasors shall not sue or otherwise seek to establish or impose liability against any Released Party based, in whole or in part, on any of the Released Claims. For the avoidance of doubt, the release applies, without limitation, to any conduct relating to the procurement, maintenance or enforcement of United States Patent 5,552,394 including any commencement, maintenance, defense or other participation in litigation concerning any such patent, that was alleged in, could be fairly characterized as being alleged in, is related to an allegation made in, or could have been alleged in the EPP Action.

14. In addition, EPPs on behalf of themselves and all other Releasors waive, release and forever discharge, upon the Settlement becoming final, any and all provisions, rights and benefits conferred by §1542 of the California Civil Code, which reads:

> Section 1542. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. EPPs and members of the EPP Class may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of paragraph 13 of the Settlement Agreement, but each Plaintiff and member of the EPP Class hereby expressly waives and fully, finally and forever settles, releases and discharges, upon the Settlement becoming final, any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Plaintiff and member of the EPP Class also expressly waives and fully, finally and forever settles, releases and discharges any and all claims it may have against any Released Party under § 17200, *et seq.*,

of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of Released Claims.

15. Other than the releases set forth in paragraphs 11 through 13 of this Final Order Judgment and the underlying Settlement Agreement, this Order shall not release claims between EPPs, members of the EPP Class, and the Released Parties unrelated to the allegations in *In re Loestrin 24 Fe Antitrust Litigation.*, Master File No. 1:13-md-2472-WES-PAS (D. R.I.), including claims under Article 2 of the Uniform Commercial Code (pertaining to Sales), the laws of negligence or product liability or implied warranty, breach of contract, breach of express warranty, or personal injury, or other claims unrelated to the allegations in *In re Loestrin 24 Fe Antitrust Litigation*, Master File No. 1:13-md-2472-WES-PAS (D.R.I.).

16. EPP Class Counsel have moved for approval of their request for reimbursement of costs and expenses and for approval of service awards. *See* End-Payor Class Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards to the Class Representatives (the "Fee and Expense Motion"), ECF No. 1437. EPP Class Counsel request: (i) service awards of $5,000 for each of the consumer Class Representatives, Denise Loy and Mary Alexander, to be paid from the Lupin Settlement Fund; and (ii) reimbursement of the reasonable costs and expenses incurred in the prosecution of this action which, together with the service awards, constitute the entire $1,000,000 Lupin Settlement Fund.[1] Such motion has been on the docket and otherwise publicly available since June 8, 2020. *Id.*

---

[1] EPP Class Counsel incurred $2,345,018 in litigation expenses at the time the Lupin Settlement was achieved. Applying 30.03% – the consumers' *pro rata* share of damages as determined by EPP Class Counsels' damages expert – the litigation expenses allocable to consumers is approximately $704,209. Since a robust publication notice program was necessary to reach the consumer portion of the Lupin Settlement Class, a significant portion of the $354,000 notice cost is directly attributable to consumers. Therefore, EPP Class Counsel

7

17.     On June 16, 2020, this Court referred the Fee and Expense Motion to United States Magistrate Judge Patricia A. Sullivan, who has reviewed the reasonableness of TPP Class Counsels' time and expenses on a quarterly basis since the outset of the litigation, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Rule Cv 72 to submit to the undersigned district judge proposed findings of fact and recommendations for disposition of the Fee and Expense Motion.  *See* Elec. Order, June 16, 2020.

18.     Magistrate Judge Sullivan filed a Report and Recommendation Regarding the End-Payor Class Motion for Approval of Attorneys' Fees, Expenses and Service Awards ("Fee and Expense R&R") on July 17, 2020, which acknowledged the quality of work performed by EPP Class Counsel and recommended that the Court grant the Fee and Expense Motion and approve payments of: (i) $5,000 service awards to each of the consumer Class Representatives (totaling $10,000), from the Lupin Settlement Fund; and (ii) up to $3,993,996.58 in reimbursement for costs and expenses ($3,743,996.58 for costs and expenses, together with up to $250,000 for settlement distribution expenses) from the Lupin Settlement Fund and the Warner Chilcott Settlement Fund.  ECF No. 1444 at 5, 14-20.

19.     The Fee and Expense R&R advised that any party could serve and file specific objections to the proposed findings and recommendations as provided by Rule 72(b)(2) of the Federal Rules of Civil Procedure and the Local Rule Cv 72(d) within fourteen days of its issuance and stated that failure to timely file such objections constituted waiver of the right to review by the district judge and to appeal any judgment or ruling from the Court based on the

---

request that the entire $1,000,000 Lupin Settlement Fund, for purposes of efficiency and to reduce the cost of Fund administration, pour over into the Warner Chilcott Settlement Fund and be utilized to pay incentive awards and reimburse expenses.  *See* Letter from S. Robertson, July 13, 2020, ECF No. 1440 at 2; Report and Recommendation Regarding End-Payor Class Motion for Approval of Attorneys' Fees, Expenses and Service Awards, ECF No. 1444 at 5 nn. 7-8.

findings and recommendations of the Fee and Expense R&R. *Id.* at 20. No party filed objections to the Fee and Expense R&R, and the deadline for doing so has passed.

20. The Court has reviewed the Magistrate Judge's thorough and well-reasoned Fee and Expense R&R and hereby ADOPTS and APPROVES IN FULL the findings and recommendations set forth therein. Accordingly, the Court ORDERS that End-Payor Class Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards to the Class Representatives is GRANTED and approves the following payments for distribution:

    a. $5,000 service awards to each of the consumer Class Representatives (totaling $10,000) from the Lupin Settlement Fund in recognition of their participation in the case and the time and effort they expended on behalf of the EPP Class; and

    b. EPP Class Counsels' request for reimbursement of their reasonable litigation costs and expenses, which, together with the service awards, constitute the entire $1,000,000 Lupin Settlement Fund.

21. The Lupin Settlement Fund shall pour over into the Warner Chilcott Settlement Fund for efficiency and to reduce the cost of fund administration.

22. The amounts listed in paragraph 20 herein shall be paid solely from the Settlement Funds only if and after the Lupin Settlement becomes final in accordance with paragraph 7 of the Settlement Agreement. EPP Class Counsel shall distribute incentive awards between the consumer Class Representatives. The Released Parties (as defined in paragraph 14 of the Lupin Settlement Agreement) shall not have any responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees, expenses, costs or incentive awards, any allocation of attorneys' fees, expenses, costs or incentive awards among

EPP Class Counsel and/or EPPs, or with respect to any allocation of attorneys' fees, expenses, costs or incentive awards to any other person or entity who may assert any claim thereto.

23. The costs, expenses, and incentive awards authorized and approved by this Final Order and Judgment shall be paid to EPP Class Counsel within five (5) business days after the Settlement becomes final pursuant to paragraph 7 of the Settlement Agreement or as soon thereafter as is practical and in accordance with the terms of the Settlement Agreement and the Escrow Agreement.

24. The costs, expenses, and incentive award authorized and approved by this Final Order and Judgment shall constitute full and final satisfaction of any and all claims that EPPs and any EPP Class member, and their respective counsel, may have or assert. EPPs and members of the EPP Class, and their respective counsel, shall not seek payment of any fees, expenses, costs or incentive awards from Defendants in this action, or in any other action related to the Released Claims (as defined in paragraph 14 of the Lupin Settlement Agreement), from any source other than the Settlement Fund, except as provided for in paragraph 8 of the Lupin Settlement Agreement.

25. The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement as described therein, including the administration and consummation of the Settlement, and over this Final Order and Judgment.

26. Final approval of the Settlement Agreement is granted pursuant to Federal Civil Rule 23(e).

27. No persons or entities have timely and validly requested exclusion from the EPP Class. Each EPP Class member who has not requested to be excluded from the EPP Class for a specified settlement is bound by this Final Order and Judgment, and will remain forever bound.

28.     The Court finds that this Final Order and Judgment adjudicates all of the claims, rights and liabilities of the parties to the Settlement Agreement (including the members of the EPP Class), and is final and shall be immediately appealable. Neither this Final Order and Judgment nor the Settlement Agreement nor any other Settlement-related document shall constitute any evidence or admission by Lupin Defendants or any other Released Party on liability, any merits issue, or any class certification issue (including but not limited to whether a class can be certified for purposes of litigation or trial) in this or any other matter or proceeding, nor shall either the Settlement Agreement, this Final Order, or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreement, the terms of this Order, or if offered by any released Party in responding to any action purporting to assert Released Claims.

29.     Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this Court directs entry of final judgment of dismissal with prejudice as to the Released Parties, as set forth in its separate docket entries this same day.

**SO ORDERED**

Dated: September 1, 2020

*/s/ W. Smith*
Hon. William E. Smith
U.S. District Court for the District of Rhode Island