## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE LOESTRIN 24 FE ANTITRUST LITIGATION | MDL No. 2472 |
| | Master File No. 1:13-md-2472-WES-PAS |
| THIS DOCUMENT RELATES TO: | |
| All End-Payor Actions | |

## ORDER GRANTING THIRD-PARTY PAYOR PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT AND ORDER OF DISMISSAL OF ALL THIRD-PARTY PAYOR CLASS CLAIMS WITH PREJUDICE AS TO THE WARNER CHILCOTT DEFENDANTS

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in accordance with the terms of the Settlement Agreement between Defendants Warner Chilcott[1] and Watson Laboratories, Inc., related Warner Chilcott and Watson entities,[2] and parent entity Allergan plc (collectively "Defendants"), and Third-Party Payor Class Plaintiffs' Co-Lead Counsel acting pursuant to the Court's Order, dated November 8, 2013 (Dkt. No. 10), on behalf of Plaintiffs City of Providence, A.F. of L. - A.G.C. Building Trades Welfare Plan, Allied Services Division Welfare Fund, Electrical Workers 242 and 294 Health & Welfare Fund, Fraternal Order of Police, Fort Lauderdale Lodge 31, Insurance Trust Fund, Laborers International Union of North America, Local 35 Health Care Fund, Painters District Council No. 30 Health & Welfare Fund, Teamsters Local 237 Welfare Benefits Fund, United Food and Commercial Workers Local 1776

---

[1] Warner Chilcott Co., LLC f/k/a Warner Chilcott Co., Inc.; Warner Chilcott (US), LLC; and Warner Chilcott Sales (US), LLC.

[2] Warner Chilcott plc n/k/a Allergan WC Ireland Holdings Ltd.; Warner Chilcott Holdings Co. III, Ltd.; Warner Chilcott Corp.; Warner Chilcott Laboratories Ireland Limited; Warner Chilcott Limited; and Watson Pharmaceuticals, Inc.

& Participating Employers Health and Welfare Fund ("TPP Plaintiffs") and on behalf of the

certified Class (the "TPP Class") defined in Dkt. No. 1274 (the "TPP Action"), IT IS HEREBY

ORDERED, ADJUDGED AND DECREED as follows:

1.      This Final Order and Judgment of Dismissal hereby incorporates by reference

the definitions in the Settlement Agreement among Defendants, TPP Plaintiffs, and the TPP

Class, and all capitalized terms used and not otherwise defined herein shall have the meanings

set forth in the Settlement Agreement.

2.      On October 17, 2019 (Dkt. No. 1274) and September 27, 2019 (Dkt. No. 1245),

this Court certified the following TPP Class:

> All Third-Party Payor entities in the United States and its territories that
> indirectly purchased, paid and/or provided reimbursement for some or all of the
> purchase price for Loestrin 24 Fe and/or its AB-rated generic equivalents in any
> form, and/or Minastrin 24 Fe and/or its AB-rated generic equivalents in any
> form, for consumption by their members, employees, insureds, participants, or
> beneficiaries, other than for resale, during the period September 1, 2009 through
> September 17, 2019. For purposes of the Class definition, entities "purchased"
> Loestrin 24 Fe, Minastrin 24 Fe, or their generic equivalents if they indirectly
> purchased, paid and/or reimbursed for some or all of the purchase price.

> Excluded from the TPP Class are the following entities:

>> a.      Defendants and their subsidiaries, or affiliates;

>> b.      All federal or state governmental entities, excluding cities, towns or
>> municipalities with self-funded prescription drug plans;

>> c.      All entities who purchased Loestrin 24 Fe or its AB-rated generic
>> equivalent, and/or Minastrin 24 Fe or its AB-rated generic equivalent,
>> for purposes of resale or directly from Defendants or their affiliates;

>> d.      Fully insured health plans (i.e., Plans that purchased insurance from
>> another TPP covering 100% of the Plan's reimbursement obligations to
>> its members); and

>> e.      Pharmacy Benefit Managers.

3.     The named TPP Plaintiffs for the foregoing TPP Class (the "Class Representatives") include: Plaintiffs City of Providence, A.F. of L – A.G.C. Building Trades Welfare Plan, Allied Services Division Welfare Fund, Electrical Workers 242 and 294 Health & Welfare Fund, Fraternal Order of Police, Fort Lauderdale Lodge 31, Insurance Trust Fund, Laborers International Union of North America, Local 35 Health Care Fund, Painters District Council No. 30 Health & Welfare Fund, Teamsters Local 237 Welfare Benefits Fund, United Food and Commercial Workers Local 1776 & Participating Employers Health and Welfare Fund. The Court has found that Co-Lead Counsel, Liaison Counsel and the other Plaintiffs' Counsel of record have fairly and adequately represented the interests of the TPP Class and satisfied the requirements of Fed. R. Civ. P. 23(g).

4.     The Court has jurisdiction over this action, each of the parties, and all members of the TPP Class for all manifestations of this case, including the Settlement Agreement.

5.     The earlier notice disseminated to the certified TPP Class, constituted the best notice practicable under the circumstances, including their right to participate in the recoveries of the Settlement now before the Court for final approval (see paragraph 9 of the earlier Notice approved by this Court). In making this determination, the Court finds that the Notice earlier provided for individual notice to all members of the TPP Class which were identified through reasonable efforts. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Notice provided TPP Class members due and adequate notice of the Settlement, the Settlement Agreement, these proceedings, and the rights of Class members to object to the Settlement.

6.     Due and adequate notice of the proceedings having been given to the TPP Class and a full opportunity having been offered to the TPP Class to participate in the August 27,

2020 Fairness Hearing, it is hereby determined that all TPP Class members are bound by this Final Order and Judgment.

7.      The Settlement of this TPP Action was not the product of collusion between the TPP Class and Defendants or their respective counsel, but rather was the result of *bona fide* and arm's-length negotiations conducted in good faith between TPP Class Counsel and counsel for Defendants, with the assistance of a mediator.

8.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, and finds that the Settlement is, in all respects, fair, reasonable and adequate to TPP Class members. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

9.      The Court hereby approves the Plan of Allocation of the Settlement Fund as proposed by TPP Class Counsel (the "Plan of Allocation"), which was summarized in the Notice of Proposed Settlement and is attached to TPP Class Plaintiffs' Motion for Final Approval of Settlement, and directs A.B. Data, Ltd., the firm retained by TPP Class Counsel as the Claims Administrator, to distribute the net Settlement Fund as provided in the Plan of Allocation.

10.     All claims against all Defendants in *In re Loestrin 24 Fe Antitrust Litigation*, Master File No. 1:13-md-2472-WES-PAS (D.R.I.) (the "TPP Action"), including by those members of the TPP Class who have not timely excluded themselves from the TPP Class, are hereby dismissed with prejudice and without costs.

11.     Upon the Settlement Agreement becoming final in accordance with paragraph 5 of the Settlement Agreement, Plaintiffs and the TPP Class unconditionally, fully and finally release and forever discharge Defendants, any past, present and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, officers, directors, management, supervisory boards, insurers, general or limited partners, employees, agents, trustees, associates, attorneys

and any of their legal representatives, or any other representatives thereof (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") from any and all manner of claims, rights, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, including costs, expenses, penalties and attorneys' fees, accrued in whole or in part, in law or equity, that Plaintiffs or any member or members of the TPP Class (including any of their past, present, or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors, successors and assigns, acting in their capacity as such) (the "Releasors"), whether or not they object to the Settlement, ever had, now has, or hereafter can, shall or may have, indirectly, representatively, derivatively or in any other capacity, arising out of or relating in any way to any claim under federal or state law that was alleged or could have been alleged in the TPP Class Action, prior to the date of the Settlement, including but not limited to:

a. The allegations and claims in End-Payor Plaintiffs' Second Amended Consolidated Class Action Complaint dated May 9, 2016 [Dkt. No. 165] or any prior complaints filed by Plaintiffs in the TPP Action;

b. The alleged delayed or impairment to the entry of generic Loestrin 24 Fe or Minastrin 24;

c. The alleged conduct with respect to the procurement, maintenance and enforcement of United States Patent Number 5,552,394, including but not limited to claims of *Walker Process* fraud, sham or fraudulent patent listings in the Orange Book, sham patent litigations, and "reverse payment" patent settlements;

d. The alleged "product hopping," from one brand drug to another brand drug, such as "hard switches" and/or "soft switches"; and

e. The manufacture, sale, pricing, marketing or distribution of Loestrin 24 Fe or Minastrin 24, or their generic equivalents except as provided for in the Settlement Agreement.

12.     Releasors shall not sue or otherwise seek to establish or impose liability against any Released Party based, in whole or in part, on any of the Released Claims. For the avoidance of doubt, the release does not release claims on behalf of consumers.

13.     In addition, Plaintiffs on behalf of themselves and all other Releasors waive, release and forever discharge, upon the Settlement becoming final, any and all provisions, rights and benefits conferred by §1542 of the California Civil Code, which reads:

> Section 1542. <u>General Release; extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. TPP Plaintiffs and members of the TPP Class may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of paragraph 12 of the Settlement Agreement, but each Plaintiff and member of the TPP Class hereby expressly waives and fully, finally and forever settles, releases and discharges, upon the Settlement becoming final, any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Plaintiff and member of the TPP Class also expressly waives and fully, finally and forever settles, releases and discharges any and all claims it may have against any Released Party under § 17200, *et seq.*, of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of Released Claims.

6

14.     Other than the releases set forth in paragraphs 11 through 13 of this Final Order Judgment and the underlying Settlement Agreement, this Order shall not release claims between TPP Plaintiffs, members of the TPP Class, and the Released Parties unrelated to the allegations in *In re Loestrin 24 Fe Antitrust Litigation.*, Master File No. 1:13-md-2472-WES-PAS (D. R.I.), including claims under Article 2 of the Uniform Commercial Code (pertaining to Sales), the laws of negligence or product liability or implied warranty, breach of contract, breach of express warranty, or personal injury, or other claims unrelated to the allegations in *In re Loestrin 24 Fe Antitrust Litigation*, Master File No. 1:13-md-2472-WES-PAS (D.R.I.).

15.     TPP Class Counsel have moved for an award of attorneys' fees and approval of reimbursement of expenses and incentive awards for the Class Representatives. TPP Class Counsel request an award of attorneys' fees of 33 1/3% of the Settlement (including the interest accrued thereon), reimbursement of the reasonable costs and expenses incurred in the prosecution of this action of up to $3,993,996.58, and incentive awards totaling $90,000 collectively for the nine named TPP Plaintiffs, and such motion has been on the docket and otherwise publicly available since June 8, 2020.  *See* End-Payor Class Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards to the Class Representatives (the "Fee and Expense Motion"), ECF No. 1437.

16.     On June 16, 2020, this Court referred the Fee and Expense Motion to United States Magistrate Judge Patricia A. Sullivan, who has reviewed the reasonableness of TPP Class Counsels' time and expenses on a quarterly basis since the outset of the litigation, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Rule Cv 72 to submit to the undersigned district judge proposed findings of fact and recommendations for disposition of the Fee and Expense Motion.  *See* Elec. Order, June 16, 2020.

17.     Magistrate Judge Sullivan filed a Report and Recommendation Regarding End-Payor Class Motion for Approval of Attorneys' Fees, Expenses and Service Awards ("Fee and Expense R&R") on July 17, 2020, which acknowledged the quality of work performed by TPP Class Counsel and recommended that the Court grant the Fee and Expense Motion and approve payments of: (i) up to $3,993,996.58 in reimbursement for costs and expenses ($3,743,996.58 for costs and expenses, together with up to $250,000 for settlement distribution expenses); (ii) $20,833,333.33 in attorneys' fees; and (iii) a $10,000 service award (totaling $90,000) for each of the nine TPP Class Representatives, out of the Settlement Fund.  ECF No. 1444 at 5, 14–20.

18.     The Fee and Expense R&R advised that any party could serve and file specific objections to the proposed findings and recommendations as provided by Rule 72(b)(2) of the Federal Rules of Civil Procedure and the Local Rule Cv 72(d) within fourteen days of its issuance and stated that failure to timely file such objections constituted waiver of the right to review by the district judge and to appeal any judgment or ruling from the Court based on the findings and recommendations of the Fee and Expense R&R.  *Id.* at 20.  No party filed objections to the Fee and Expense R&R, and the deadline for doing so has passed.

19.     The Court has reviewed the Magistrate Judge's thorough and well-reasoned Fee and Expense R&R and hereby ADOPTS and APPROVES IN FULL the findings and recommendations set forth therein. Accordingly, the Court hereby ORDERS that End-Payor Class Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards to the Class Representatives is GRANTED and approves the following payments for distribution:

    a.   TPP Class Counsels' request for reimbursement of their reasonable litigation costs and expenses, totaling $3,743,996.58, together with up to $250,000 for settlement distribution expenses for a total of up to $3,993,996.58;

    b.   Attorneys' fees totaling $20,833,333.33 (representing 33 1/3% of the Settlement Fund), plus any interest on that amount that may accrue prior to distribution; and

    c.   Service awards for the TPP Class Representatives totaling $90,000, allocated $10,000 to each of the nine TPP Class Representatives, in recognition of their participation in the case and the time and effort they expended on behalf of the TPP Class.

20.    The amounts listed in paragraph 19 herein shall be paid solely from the Settlement Fund, and only if and after the Settlement becomes final in accordance with paragraph 5 of the Settlement Agreement. Miller Law LLC, Hilliard & Shadowen, Motley Rice LLC, and Cohen Milstein Sellers &Toll PLLC shall allocate and distribute such attorneys' fees, costs and expenses among the various Plaintiffs' Counsel which have participated in this litigation. Miller Law LLC, Hilliard & Shadowen LLP, Motley Rice LLC, and Cohen Milstein Sellers &Toll PLLC shall distribute such incentive awards among the various TPP Plaintiffs which have participated in this litigation. The Released Parties (as defined in paragraph 12 of the Settlement Agreement) shall not have any responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees, expenses, costs or incentive awards among TPP Class Counsel and/or Class Representatives, nor with respect to any allocation of attorneys' fees, expenses, costs or incentive awards to any other person or entity who may assert any claim thereto. The attorneys' fees, costs and expenses, and incentive awards authorized and approved by this Final Order and Judgment shall be paid to Miller Law

LLC, Hilliard & Shadowen LLC, Motley Rice LLC and Cohen Milstein Sellers &Toll PLLC within five (5) business days after the Settlement becomes final pursuant to paragraph 5 of the Settlement Agreement or as soon thereafter as is practical and in accordance with the terms of the Settlement Agreement and the Escrow Agreement. The attorneys' fees, costs and expenses, and incentive award authorized and approved by this Final Order and Judgment shall constitute full and final satisfaction of any and all claims that Plaintiffs and any TPP Class member, and their respective counsel, may have or assert for reimbursement of fees, costs, and expenses, and incentive awards, and Plaintiffs and members of the TPP Class, and their respective counsel, shall not seek or demand payment of any fees and/or costs and/or expenses and/or incentive awards from Defendants other than the Settlement Fund.

21.     The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement as described therein, including the administration and consummation of the Settlement, and over this Final Order and Judgment.

22.     Final approval of the Settlement Agreement is granted pursuant to Federal Civil Rule 23(e).

23.     No persons or entities have timely and validly requested exclusion from the TPP Class.  Each TPP Class member who has not requested to be excluded from the TPP Class for a specified settlement is bound by this Final Order and Judgment, and will remain forever bound.

24.     The Court finds that this Final Order and Judgment adjudicates all of the claims, rights and liabilities of the parties to the Settlement Agreement (including the members of the TPP Class), and is final and shall be immediately appealable. Neither this Final Order and Judgment nor the Settlement Agreement nor any other Settlement-related document shall constitute any evidence or admission by Defendants or any other Released Party on liability,

any merits issue, or any class certification issue (including but not limited to whether a class can be certified for purposes of litigation or trial) in this or any other matter or proceeding, nor shall either the Settlement Agreement, this Final Order, or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreement, the terms of this Order, or if offered by any released Party in responding to any action purporting to assert Released Claims.

25.     Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this Court directs entry of final judgment of dismissal with prejudice as to the Released Parties, as set forth in its separate docket entries this same day.

**SO ORDERED**

Dated: September 1, 2020

_WESmith_

Hon. William E. Smith
U.S. District Court for the District of Rhode Island