# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

IN RE: LOESTRIN 24 FE ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:
Direct Purchaser Actions

MDL No. 2472

Master File No. 1:13-md-2472-S-PAS

## ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT, APPROVAL OF PROPOSED PLAN OF ALLOCATION, ADOPTION OF REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE, AND ORDER OF DISMISSAL WITH PREJUDICE

Upon review and consideration of the Settlement Agreement between direct purchaser plaintiff Ahold USA, Inc. ("Ahold") and defendants Warner Chilcott[1] and Watson Laboratories, Inc. (collectively, "the defendants"), related Warner Chilcott and Watson entities,[2] and parent entity Allergan, plc, dated January 14, 2020; Direct Purchaser Class Plaintiffs' Amended Motion for Preliminary Approval of Settlement, Approval of the Form and Manner of Notice to the Class, Appointment of Claims Administrator and Escrow Agent, and Setting the Final Settlement Schedule and Date for a Fairness Hearing; Direct Purchaser Class Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Award for the Class Representative; Report and Recommendation Regarding Direct Purchaser Class Motion for Approval of Attorneys' Fees, Expenses and a Service Award;[3] and Direct Purchaser Class Plaintiffs' Unopposed Motion for Final Approval of Settlement, Approval of Proposed Plan of

---

[1] Warner Chilcott Co., LLC f/k/a Warner Chilcott Co., Inc.; Warner Chilcott (US), LLC; and Warner Chilcott Sales (US), LLC (together and individually, "Warner Chilcott").

[2] Warner Chilcott plc n/k/a Allergan WC Ireland Holdings Ltd.; Warner Chilcott Holdings Co. III, Ltd.; Warner Chilcott Corp.; Warner Chilcott Laboratories Ireland Limited; and Watson Pharmaceuticals, Inc.

[3] *See also* Advisory with Respect to Report & Recommendation Regarding Direct Purchaser Class Mot. for Approval of Attorneys' Fees, Expenses & Service Award, ECF No. 1466.

Allocation, Adoption of Report and Recommendation of Magistrate Judge, and Order of Dismissal with Prejudice; and all memoranda, exhibits and materials submitted in support thereof, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. This Order and Final Judgment incorporates by reference the definitions in the Settlement Agreement among the parties to the action on file with this Court, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2. This Court has jurisdiction over this case, each of the parties, and all members of the Direct Purchaser Plaintiff Class.

3. As set forth in this Court's order[4] dated July 2, 2019, certifying the Direct Purchaser Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), as well as the Order Granting Direct Purchaser Class Plaintiffs' Motion for Preliminary Approval of Proposed Settlement, Approval of the Form and Manner of Notice to the Class, and Setting the Final Settlement Schedule and Date for a Fairness Hearing, dated March 23, 2020,[5] the Class is defined as follows:

> All persons or entities in the United States and its territories who purchased brand or generic Loestrin 24 directly from Warner [Chilcott] or Amneal at any time during the period from September 1, 2009, through and until June 3, 2015, and all persons or entities in the United States and its territories who purchased brand Minastrin 24 directly from Warner at any time during the period from September 1, 2009, through and until March 14, 2017 (the "Class Period").
>
> Excluded from the Class are defendants, and their officers, directors, management, employees, subsidiaries, or affiliates, and, all federal

---

[4] *In re Loestrin 24 Fe Antitrust Litig.*, No. 13-md-2472, 2019 WL 3214257 (D.R.I. July 2, 2019) (filed at ECF No. 1050).

[5] ECF No. 1426.

>governmental entities. Also excluded from the class are educational institutions such as universities and colleges.
>
>Also excluded from the Class are the following entities that have opted out of the Class: Walgreen Co., The Kroger Co., Safeway Inc., HEB Grocery Company L.P., Albertson's LLC, CVS Pharmacy, Inc., Rite Aid Corporation, and Rite Aid Hdqtrs. Corp.

4. Nothing in this Order affects the claims of the end-payor plaintiffs or end-payor class or the individually litigating retailer plaintiffs in this action.

### A.    Notice Satisfies Due Process

5. The notice of settlement (in the form attached as Exhibit A to the Declaration of Tina Chiango Regarding Notice of Settlement to the Direct Purchaser Class) ("Notice"), mailed and emailed directly to the members of the Class, constituted the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice provided for individual notice to all Class members who were identified through reasonable efforts. Copies of the Notice were disseminated via First-Class U.S. mail on or around April 6, 2020 to Class members identified from the sales data produced by Defendants and third-party generic manufacturers.[6] Between April 10, 2020 and April 13, 2020, the Notice was sent to an email address for every class member.[7] Only one Class member was unreachable by email, but that Class member was sent the Notice via First-Class U.S. mail.[8] The Notice was also posted on the settlement website, www.loestrin24antitrustlitigation.com. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Notice provided Class members with due and adequate notice of the Settlement Agreement, these proceedings, and the rights of Class members to object to the Settlement. Due and adequate notice of the

---

[6] Declaration of Tina Chiango Regarding Notice of Settlement to Direct Purchaser Class ¶¶ 8-11.
[7] *Id* ¶¶ 12-17.
[8] *Id*. ¶¶ 11, 17.

3

proceedings having been given, and a full opportunity having been offered to the Class to participate in the fairness hearing, it is hereby determined that all Class members are bound by this Order and Final Judgment.

### B. Final Approval of Direct Purchaser Settlement

6. The Court has held a hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement and has been advised that there have been no objections to the Settlement from any members of the Class.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable, and adequate to Class members. Specifically, the Settlement is fair, reasonable, and adequate in light of the factors set forth in *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 463 (2d Cir. 1974),[9] as follows and for the reasons set forth in the Memorandum of Law in Support of Direct Purchaser Class Plaintiffs' Unopposed Motion for Final Approval of Settlement, Approval of Proposed Plan of Allocation, Adoption of Report and Recommendation of Magistrate Judge, and Order of Dismissal with Prejudice:

   a. This case was highly complex, expensive, and time consuming, and would have continued to be so if the case had not settled;

   b. There were no objections to the Settlement by Class members, all of whom were sent notice by U.S. First Class mail and/or email;

---

[9] Courts in this district have used the *Grinnell* factors to assess the fairness, reasonableness, and adequacy of settlements. *See, e.g., Sesto v. Prospect Chartercare,* LLC, No. 18-cv-328, 2019 WL 5067200, at *3 (D.R.I. Oct. 9, 2019); *Medoff v. CVS Caremark Corp.*, No. 09-cv-554, 2016 WL 632238, at *5-7, 8 (D.R.I. Feb. 17, 2016); *Trombley v. Bank of Am. Corp.*, No. 08-cv-456, 2013 WL 5153503, at *5 (D.R.I. Sept. 12, 2013); *Baptista v. Mut. of Omaha Ins. Co.*, 859 F. Supp. 2d 236, 642 (D.R.I. 2012).

    c.  Because the case settled after the parties had completed discovery, the Court had ruled on class certification, the Court had held hearings on and the parties had fully briefed summary judgment motions, *Daubert* motions, and motions *in limine*, and the case was on the verge of trial, Class Counsel had a full appreciation of the strengths and weaknesses of their case in negotiating the Settlement;

    d.  Class Counsel and the Class would have faced risks in establishing liability, causation, and damages if they had decided to continue to litigate rather than settle; and

    e.  The amount of the Settlement is well within the range of reasonableness in light of the best possible recovery and the risks the parties would have faced if the case had continued to verdicts as to both liability and damages.

8.    The Court finds that Co-Lead Counsel, listed below, along with other Class Counsel, have fairly and adequately represented the interests of the Class and satisfied the requirements of Federal Rule of Civil Procedure 23(g):

| | |
|---|---|
| Thomas M. Sobol<br>Kristen A. Johnson<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>55 Cambridge Parkway, Suite 301<br>Cambridge, MA 02142 | Peter R. Kohn<br>FARUQI & FARUQI LLP<br>1617 JFK Boulevard, Suite 1550<br>Philadelphia, PA 19103 |
| Joseph H. Meltzer<br>KESSLER TOPAZ MELTZER & CHECK LLP<br>280 King of Prussia Road<br>Radnor, PA 19087 | David F. Sorensen<br>Ellen T. Noteware<br>BERGER MONTAGUE PC<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103 |

9.    All of the Class's claims against Warner Chilcott and Watson are hereby dismissed with prejudice and without costs as provided in the Settlement Agreement.

10. Upon the Settlement becoming final upon the Effective Date as defined in Paragraph 5 of the Settlement Agreement, Ahold and all Class Members, whether or not they object to the Settlement and whether or not they make a claim upon or participate in the Settlement Fund, on behalf of themselves and their respective past, present, and future parents, subsidiaries, associates, affiliates, officers, directors, employees, insurers, general or limited partners, divisions, agents, attorneys, servants, trustees, joint ventures, heirs, executors, administrators, representatives (and the parents', subsidiaries', and affiliates' past and present officers, directors, employees, agents, attorneys, servants, and representatives), and their predecessors, successors, heirs, executors, administrators, and representatives (collectively, the "Direct Purchaser Class Releasors"), release and forever discharge, and covenant not to sue, Defendants and their past, present, and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, officers, directors, management, supervisory boards, insurers, general or limited partners, employees, agents, attorneys, servants, representatives (and the parents', subsidiaries', and affiliates' past, present, and future officers, directors, employees, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs, executors, administrators and representatives of each of the foregoing (collectively, the "Defendant Releasees") from all manner of claims, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, under federal or state laws, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or non-contingent, in law or equity, that arise out of or relate, in whole or in part in any manner, to:

> (i) the subject matter of or acts, omissions, or other conduct alleged in the Direct Purchaser Class Plaintiffs' Third Amended Consolidated Class Action Complaint and Jury Demand (ECF No. 380), dated March 28, 2018, in the Direct Purchaser Class Action,

or any prior complaints or subsequent amended complaints filed in the Direct Purchaser Class Action (collectively "Complaints"); (ii) the subject matter of pre-trial proceedings in the Direct Purchaser Class Action; and/or (iii) all claims concerning alleged delay or impairment in the marketing, sale, manufacture, pricing, or purchase of, or the enforcement of intellectual property related to, Loestrin 24, Minastrin 24, Lo Loestrin 24, or their generic equivalents that could reasonably have been asserted in the Direct Purchaser Class Action, including but not limited to claims of reverse payments, product hops, fraudulent procurement of U.S. Patent No. 5,552,394, sham patent listings, and sham patent litigations prior to the date hereof (collectively, this entire paragraph the "Released Claims").

11. Upon the occurrence of the Effective Date as defined in Paragraph 5 of the Settlement Agreement, Defendants, on behalf of themselves and their respective past, present, and future parents, subsidiaries, associates, affiliates, officers, directors, employees, insurers, general or limited partners, divisions, agents, attorneys, servants, trustees, joint ventures, heirs, executors, administrators, representatives (and the parents', subsidiaries', and affiliates' past and present officers, directors, employees, agents, attorneys, servants, and representatives), and their predecessors, successors, heirs, executors, administrators, and representatives (collectively, the "Defendant Releasors"), release and forever discharge, and covenant not to sue, Direct Purchaser Class Members and their past, present, and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, officers, directors, management, supervisory boards, insurers, general or limited partners, employees, agents, attorneys, servants, representatives (and the parents', subsidiaries', and affiliates' past, present, and future officers, directors, employees, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs, executors, administrators and representatives of each of the foregoing (collectively, the "Direct Purchaser Class Releasees") from all claims, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, under federal or state laws, whether known or unknown, foreseen

or unforeseen, suspected or unsuspected, contingent or non-contingent, in law or equity, asserted in connection with the Action or that should have been asserted in the Action as compulsory counterclaims arising out of the alleged conduct that is the subject matter of Paragraph 11 of the Settlement Agreement.

12. In addition, upon the occurrence of the Effective Date as defined in Paragraph 5 of the Settlement Agreement, each Direct Purchaser Class Releasor and Defendant Releasor (collectively "Releasors") waives and releases, upon the Settlement Agreement becoming final, any and all provisions, rights, and/or benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. <u>General Release; extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims that are the subject matter of Paragraph 11 of the Settlement Agreement. Nonetheless, upon the Effective Date each Releasor hereby expressly waives and fully, finally, and forever settles and releases any known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that is the subject matter of Paragraph 11 of the Settlement Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Direct Purchaser Class Releasor also hereby expressly waives and fully, finally and forever settles, releases and discharges any and all claims that are the subject matter of Paragraph 11 of the Settlement Agreement that it may have against any Defendant Releasees under § 17200, et

seq., of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction. Each Defendant Releasor also hereby expressly waives and fully, finally and forever settles, releases and discharges any and all claims that are the subject matter of Paragraph 11 of the Settlement Agreement that it may have against any Direct Purchaser Class Releasees under § 17200, et seq., of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction.

13. The releases set forth in Paragraphs 10, 11, and 12 of this Order and Final Judgment effect a complete and total resolution of this Action to the extent of the claims of the Direct Purchaser Class that were or could have been asserted relating to the allegations in this Action, as well as any compulsory counterclaims of Defendants relating to the allegations in this Action that were or should have been asserted, but the releases set forth in Paragraphs 10, 11 and 12 of this Order and Final Judgment do not release any claims (1) arising in the ordinary course of business between any Direct Purchaser Class member and any Defendant arising under Article 2 of the Uniform Commercial Code (pertaining to sales), the laws of negligence or product liability or implied warranty, breach of contract, breach of express warranty, or personal injury; (2) other claims unrelated to Loestrin 24 Fe, Minastrin 24 Fe, Lo Loestrin Fe, or their generic equivalents; or (3) arising out of or in any way relating to the alleged horizontal price-fixing agreements between Defendants and other manufacturers of generic pharmaceutical products that are alleged in *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, MDL No. 2724, 16-md-2724 (E.D. Pa.).

14. The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement as described therein, including the administration and consummation of the Settlement, and over this Order and Final Judgment.

### C. Approval of Plan of Allocation for Direct Purchaser Class

15. The Court approves Direct Purchaser Class Plaintiffs' Proposed Plan of Allocation for the Direct Purchaser Class, filed on January 22, 2020 as Exhibit 8 to the Declaration of Thomas M. Sobol in Support of Direct Purchaser Class Plaintiffs' Motion for Preliminary Approval of Settlement, Approval of the Form and Manner of Notice to the Class, Appointment of Claims Administrator and Escrow Agent, and Setting the Final Settlement Schedule and Date for a Fairness Hearing[10] and available on the official settlement website (www.loestrin24antitrustlitigation.com), which addresses the allocation of funds from the Settlement Agreement, plus interest and net of the Court-approved expense reimbursement, award of attorneys' fees, and service award to the class representative.

16. The Court retains, for all time, exclusive jurisdiction over the Settlement and the Settlement Agreement as described therein, including the administration and consummation of the Settlement, and over this Order.

17. Co-Lead Counsel and RG/2 Claims Administration LLC, the Court-appointed claims administrator, are authorized to begin administration and distribution of claim forms and the net proceeds of the Settlement in accordance with the Plan of Allocation within five (5) business days of entry of this Order.

---

[10] ECF No. 1396-8.

### D. Adoption of Report and Recommendation Regarding Direct Purchaser Class Plaintiffs' Motion for Attorneys' Fees, Expenses, and a Service Award

18. On June 16, 2020, this Court referred Direct Purchaser Class Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Award for the Class Representative ("Fee Motion")[11] to United States Magistrate Judge Patricia A. Sullivan, who has reviewed the reasonableness of Class Counsel's time and expenses on a quarterly basis since the outset of the litigation, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Rule Cv 72 to submit to the undersigned district judge proposed findings of fact and recommendations for disposition of the Fee Motion.[12]

19. Judge Sullivan filed a Report and Recommendation Regarding the Direct Purchaser Class Motion for Approval of Attorneys' Fees, Expenses, and a Service Award ("Fee and Expense R&R") on July 17, 2020,[13] which acknowledged the quality of work performed by Class Counsel and recommended that the Court grant the Fee Motion and approve payments of (i) $3,965,558 in reimbursement for costs and expenses, (ii) $38,678,147 in attorneys' fees, and (ii) a $100,000 service award for class representative Ahold USA, Inc. out of the settlement fund.[14]

20. The Fee and Expense R&R advised that any party could serve and file specific objections to the proposed findings and recommendations as provided by Rule 72(b)(2) of the Federal Rules of Civil Procedure and the Local Rule Cv 72(d) within fourteen days of its issuance and stated that failure to timely file such objections constituted waiver of the right to

---

[11] ECF No. 1428.

[12] *See* Elec. Order, June 16, 2020.

[13] ECF No. 1443; *see also* Advisory with Respect to Report & Recommendation Regarding Direct Purchaser Class Mot. for Approval of Attorneys' Fees, Expenses & Service Award, ECF No. 1466.

[14] *Id.* at 14.

review by the district judge and to appeal any judgment or ruling from the Court based on the findings and recommendations of the Fee and Expense R&R.[15] No party filed objections to the Fee and Expense R&R, and the deadline for doing so has passed.

21. The Court has reviewed the Magistrate Judge's thorough and well-reasoned Fee and Expense R&R and hereby ADOPTS and APPROVES IN FULL the findings and recommendations set forth therein. Accordingly, the Court hereby ORDERS that Direct Purchaser Class Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Award for the Class Representative is GRANTED and approves the following payments for distribution from the settlement fund:

    a. Direct Purchaser Class Counsel's request for reimbursement of their reasonable litigation expenses, totaling $3,965,558[16];

    b. A fee award of 33⅓% of the net settlement amount (one-third of $120 million settlement minus the requested litigation expenses), totaling $38,678,147, plus any interest on that amount that may accrue prior to distribution; and

    c. A $100,000 service award to Ahold in recognition of its participation in the case and the time and effort it expended on behalf of the Class.

### E. Final Judgment

22. The Court finds that this Order and Final Judgment adjudicates all of the claims, rights, and liabilities of the parties to the Settlement Agreement (including the members of the Class), and is final.

---

[15] *Id.*

[16] As detailed by Class Counsel, there are still outstanding expenses related to the administration of the settlement that were accounted for in the total expense reimbursement request. Any changes to the final expenses should be reported in the forthcoming distribution request.

23. Neither this Order and Final Judgment, nor the Settlement Agreement nor any other Settlement-related document shall constitute any evidence or admission of liability by Defendants or any other released party, nor shall either the Settlement Agreement, this Order, or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreement of the terms of this Order or if offered by any released party in responding to any action purporting to assert Released Claims.

SO ORDERED this 1st day of September, 2020.

_/s/ WESmith_
Hon. William E. Smith
U.S. District Court for the District of Rhode Island